A. B. PHILLIPS, Executive Director Employment Security Commission of Alaska, Appellant,

v.

FIDALGO ISLAND PACKING CO., Appellee.

Clara Wilson, Intervenor.

No. 14505.

United States Court of Appeals Ninth Circuit.

Sept. 13, 1955.

J. Gerald Williams, Atty. Gen., Edward A. Merdes, Asst. Atty. Gen., Territory of Alaska, for appellant.

H. L. Faulkner, Faulkner, Banfield & Boochever, Juneau, Alaska, for appellee.

Before HEALY, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

This is an extremely confusing case in which appeal is taken from the judgment of the District Court of the District of Alaska, holding an administrative order null and void for lack of jurisdiction on the part of the Territorial employee who purported to promulgate it. The court issued an injunction against enforcement. 120 F.Supp. 777.

Fidalgo Island Packing Co., an employer of labor in the fishing industry of Alaska, and the Intervenor, one Clara Wilson, who claimed to be an employee in that industry, obtained a permanent injunction against the enforcement of the purported Amended Regulation No. 10. This regulation attempted to specify seasonable periods during which benefits would be payable to eligible beneficiaries for unemployment occurring within the benefit year, out of the Employment Security Fund established by the Territorial Legislature. This Amended Regulation was supposedly issued by and under the authority of the Employers Security Commission which was no longer in existence at the date of the issuance thereof.

The trial court found that the Packing Company and the Intervenor were entitled to represent the employers and em-

ployees in the industry and that the Packing Company and all others on whose behalf the action was brought had been injured and would be further irreparably injured if the purported regulation were enforced.

The trial court made, among others, the following findings of fact:

"1. That the Employment Security Commission of Alaska, formerly known as the Unemployment Compensation Commission, was created by Act of the Legislature of Alaska at the extraordinary session in 1937 and under the provisions of Section 51–5–10 of what is now the Alaska Compiled Laws Annotated, 1949, and that on March 26, 1953, at its session of that year, the Alaska Legislature passed Chapter 82, Session Laws of Alaska, 1953, abolishing the Employment Security Commission, and this Act became effective on June 25, 1953. On the same day the Legislature enacted Chapter 83, Session Laws of Alaska, 1953, creating a new and different Commission, which Act became effective on June 25, 1953.

"2. That no meetings of either the old or the new Commission were held under any statute of the Territory after March, 1953, and until August 6, 1953, and, the old Commission having ceased to function and having only one member from March 26, 1953, until and including June 25, 1953, John T. McLaughlin during that period and until sometime after August 6, 1953, assumed to act as Acting Director of the Employment Security Commission of Alaska, and he was succeeded by A. B. Phillips, the present Director of Employment Security Commission of Alaska, on August 24, 1953. The former defendant in this case, John T. McLaughlin, on June 29, 1953, assumed to promulgate and to distribute to all persons and corporations engaged in packing salmon in Alaska, purported amended Regula-

tion No. 10, which is set up in Paragraph 6 of plaintiff's complaint.

"3. That this purported amended Regulation set certain seasons of seasonal employment for all persons and corporations engaged in packing of salmon in the Territory of Alaska, and notices were sent to plaintiff and to all others similarly situated and to all those engaged in packing salmon in Alaska that this purported and attempted Regulation was in effect from and after July 5, 1953, superseding all former regulations on the subject.

"4. That on March 23, 1953, the Legislature of the Territory passed an act known as Chapter 99, Session Laws of Alaska 1953, amending the Unemployment Compensation Act of Alaska, which, with exception of Section 7 thereof, became effective on July 5, 1953, and Section 7 thereof became effective on April 1, 1953.

"5. That the provisions of Chapter 99, Session Laws of Alaska 1953, provide that the Employment Security Commission is charged with the duty of classifying all employers in Alaska as seasonal or nonseasonal in accordance with their employment records for the previous two consecutive calendar years or operating years. This duty is enjoined upon the Commission and under the provisions of Chapter 99, Session Laws of Alaska 1953, employment for the purpose of determining seasonality is placed upon an employer or unit basis rather than on an industry basis, as under the old law which was repealed by Chapter 99.

"6. That neither the former Acting Director McLaughlin nor the Employment Security Commission of Alaska had, prior to June 29, 1953, or at any other time, made any classifications of seasonality in employment in the Territory, except those attempted to be made by purported amended Regulation No. 10, which attempted to apply seasonality

to the salmon canning industry as an industry. No other industries or employers have been classified as seasonal.

\* \* \* \* \* \*

"9. That the former defendant, John T. McLaughlin, and the present defendant, A. B. Phillips, are threatening to enforce purported amended Regulation No. 10 unless enjoined by the court.

"10. That at the time purported amended Regulation No. 10 was attempted to be promulgated and declared to be in force, the former Employment Security Commission had been abolished and the new Commission had not yet come into existence and had not met at the time this action was instituted, and they did not meet until August 6, 1953, and there was no Commission in existence to which an appeal could have been taken from purported amended Regulation No. 10.

"11. That former Acting Director McLaughlin had no power or authority on June 29, 1953, to promulgate any regulation affecting seasonal employment in the Territory, or any other regulation of the Commission, and such authority as might have been delegated to him at one time under the old Commission did not exist on June 29, 1953, and could not be exercised on or after that date. The purported amended Regulation No. 10 is, therefore, void and no appeal to the Commission is necessary and no pursuit of any administrative remedies was necessary to attack the validity of pretended amended Regulation No. 10 and no appeal to any administrative body is required from an invalid order made by one without authority."

Upon these findings the court concluded that the purported amended Regulation was void and of no effect.

■■ There is a presumption of lawful exercise of authority surrounding the acts of courts of general jurisdiction which is not enjoyed by administrative bodies. Jurisdiction of the subject matter and the persons must be pleaded and proved. No such showing was made here. The facts found by the trial court establish the position that no such showing was possible. Since the order was then void there was no necessity for exhaustion of supposed administrative remedies. All persons could with impunity disregard the order. Any person having a legal interest and suffering injury by threatened enforcement would be entitled to have judicial restraint placed upon those presuming to act upon it.

A regulation cannot be issued by a Commission which is no longer in existence. Any delegation of authority by the old Commission became null and void when the body itself was abolished.

We indicate no doubt of the validity of the result by recognizing that there are other legislative developments in this field since the cause was tried.

Affirmed.