**FIDALGO ISLAND PACKING COMPANY, a corporation, Plaintiff,**

v.

**A. B. PHILLIPS, Executive Director, Employment Security Commission of Alaska, Defendant,**

Clara Wilson, Intervenor.

No. 6865–A.

District Court, Alaska First Division, Juneau.

Jan. 21, 1957.

Modified on Rehearing March 14, 1957. See 149 F.Supp. 260.

John H. Dimond (of Faulkner, Banfield & Boochever), Juneau, Alaska, for plaintiff and intervenor.

Edward A. Merdes, Asst. Atty. Gen., Ter. of Alaska, for defendant.

KELLY, District Judge.

This matter is before the Court upon oral stipulation of counsel for all parties to reinstate and permit execution upon the judgment on mandate entered by this Court on August 13, 1956. In addition, counsel for plaintiff requests that interest be allowed thereon at 6% from May 12, 1954, and that the Court allow a reasonable attorney fee.

On June 29, 1953, the then Acting Director of the Employment Security Com-

mission of Alaska promulgated what was called "Amended Regulation No. 10." This regulation purported to fix and designate seasons of employment in the canned salmon industry in Alaska, which meant that unemployment benefits could be paid to canned salmon employees *only* during the "seasons," i. e., during the months generally of May through September. Thus, under this regulation, if such employee were out of work between October and May of any year, he would not be eligible to draw unemployment compensation benefits.

This action was commenced on or about July 30, 1953, to enjoin the enforcement of this purported regulation on the ground, principally, that it unlawfully discriminated against the salmon packers in Alaska and their employees in favor of other Alaska employers and their employees—such as the persons in the construction industry. The District Court, on May 7, 1954, filed its opinion sustaining the contentions of plaintiff and intervenor. In this opinion the Court held that the regulation was invalid, was discriminatory in its application and operation, and that plaintiff and intervenor have been irreparably injured and therefore were entitled to an injunction. Hence, on May 12, 1954, the District Court entered its judgment and decree permanently enjoining the Director of the Employment Security Commission, and his agents and employees and successors in office, from—

"* * * doing any act or thing for the purpose of enforcing or putting into effect purported Amended Regulation No. 10 of the Employment Security Commission of Alaska which is dated June 29, 1953, and which pretends to set up seasons of employment of all those persons and corporations engaged in salmon packing in Alaska. * * *"

The opinion of the District Court is reported at 120 F.Supp. 777, 15 Alaska 15.

An Appeal was filed on June 11, 1954, by the Employment Security Commission, and subsequently a stay of execution was issued, tying up the accrued unemployment compensation which became due to the cannery workers when Amended Regulation 10 was declared invalid. In lieu of a supersedeas bond as required by Rule 73(d), Fed.Rules Civ.Proc. 28 U.S.C.A., the sum of $650,000.00 from the unemployment compensation trust was impounded by this court pending the appeal.

On September 13, 1955, in a per curiam opinion, 230 F.2d 638, the Court of Appeals for the Ninth Circuit affirmed the judgment and decree of the District Court. A petition for rehearing was denied on June 21, 1956, 238 F.2d 234, and a petition for a writ of certiorari to the United States Supreme Court, filed September 21, 1956, was denied on December 10, 1956, 352 U.S. 944, 77 S.Ct. 262, 1 L.Ed.2d 237.

Thus the benefits to the cannery workers have been delayed nearly three years since the District Court first determined that Amended Regulation No. 10 was invalid, and plaintiff now seeks interest on the benefits, and attorney fees for prosecuting this action. He contends that the scope of the mandate from the United States Court of Appeals did not include these items and that this Court can, and moreover, it should, make such an award at this time.

The entire Employment Security Act was repealed and re-enacted by Chap. 5 of the First Extraordinary Session Laws of Alaska of 1955. Sec. 1001 thereof provides:

"Section 1001. *Non-Liability of Territory.* Benefits shall be deemed to be due and payable under this Act only to the extent provided in this Act and to the extent that moneys are available therefor to the credit of the Unemployment Fund, and the liability of the Territory and the Commission shall be limited accordingly."

The rights and liabilities of the parties herein must be determined by

the law as it existed at the time the controversy arose. Sec. 51–5–19, A.C.L.A. 1949 provides:

"Benefits shall be deemed to be due and payable under this Act only to the extent provided in this Act and to the extent that moneys are available therefor to the credit of the Employment Compensation Fund, and neither the Territory nor the Commission shall be liable for any amount in excess of such sums."

Sec. 25–1–1, A.C.L.A.1949, cited by the plaintiff, provides that "The rate of interest in the Territory of Alaska shall be six per centum per annum, and no more, on all moneys after the same become due * * *."

Section 55–11–51, A.C.L.A.1949, likewise provides for attorney fees. It reads: "The measure and mode of compensation of attorneys shall be left to the agreement, expressed or implied, of the parties; but there may be allowed to the prevailing party in the judgment certain sums by way of indemnity for his attorney fees in maintaining the action or defense thereto, which allowances are termed costs."

■ These general provisions of the law are subject to the limitation that when a sovereign state is involved in a suit, its liability for interest or costs must be specifically set forth in a statute. The designation "sovereign state" would include the Territory of Alaska. See Territory ex rel. McMahon v. O'Connor, 5 Dak. 397, 41 N.W. 746, 3 L.R.A. 355.

■ With regard to plaintiff's application for interest, the case of United States v. North Carolina, 136 U.S. 211, 10 S.Ct. 920, 923, 34 L.Ed. 336, sets forth the rule that " * * * the state, unless by or pursuant to an explicit statute, is not liable for interest even on a sum certain which is overdue and unpaid." This holding has been widely supported in other jurisdictions: Unitted States v. Nez Perce County, Idaho,

9 Cir., 1938, 95 F.2d 238; Boxwell v. Department of Highways, 203 La. 760, 14 So.2d 627; State Highway Commission v. Mason, 192 Miss. 576, 4 So.2d 345, 6 So.2d 468; Culver v. Commonwealth, 348 Pa. 472, 35 A.2d 64.

A similar rule has been followed by the courts on the question of costs. In Ridge v. Boulder Creek Union Junior-Senior High School District of Santa Cruz County, 60 Cal.App.2d 453, 140 P. 2d 990, 995, the Court stated:

"General statutes allowing costs to parties have been construed not to apply to the state in the absence of express provision respecting costs where the state was a party."

See also Boland v. Cecil, 65 Cal.App.2d 832, 150 P.2d 819; Costs, 14 Am.Jur., 22, Sec. 34; 86 C.J.S., Territories, § 38, p. 647.

■ That provisions for interest or costs must be provided for specifically in a statute may be shown not only from the case law on the subject, but also from the wording of the Alaska Employment Security Act itself, Sec. 51–5–19, A.C. L.A.1949, supra. There is no provision for anything in addition to unemployment benefits in Alaska's Employment Security Act.

■ Plaintiff contends that the suit was brought against the Director of the Employment Security Board as an individual, and that consequently the action does not involve the Territory of Alaska. But the Court cannot agree with that distinction. The Commission was performing an essential governmental function, and, in fact, as was pointed out in defendant's brief, the director was acting on legislative mandate in promulgating Amended Regulation No. 10. We must hold that the Director and the Commission were clothed with the sovereignty of the Territory in connection with the matter. No interest can be awarded nor can any costs be allowed.

■ Counsel for plaintiff contends that under the salvage doctrine, attor-

ney fees should be awarded from the fund which is recovered. It is well settled that in class suits, such as this one, they are entitled to receive their compensation from that source. Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Central R. R. & Banking Co. of Georgia v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915. Since the entire class benefits by the litigation, each member is required to contribute his proportionate share of the expense. This amount is deducted before distribution, as a matter of convenience.

We do not feel that Sec. 55-11-51, A.C. L.A.1949, supra, creates any obstacle to the application of this doctrine. In leaving the measure and mode of compensation up to the parties, the legislature certainly did not contemplate the restriction of attorney fees to the amount which a single plaintiff could afford, or was willing to pay. By their nature, class suits of this general type involve a number of individuals who have claims which by themselves are not large enough to justify litigation, but which, when prosecuted aggregately, confer a true benefit on the class. The desirability of such a remedy is obvious, but if a reasonable attorney fee is not to be allowed from the judgment, class suits become impractical. No one person could afford to maintain an action of such large proportions, in view of the limited benefits which he would personally gain.

It is therefore the judgment of this Court that the awards which have been recovered in this action should be charged with a reasonable percentage of the amount recovered by each claimant, which will constitute reasonable attorney fees to be awarded to the attorney herein as compensation. The Court finds that 3% is a reasonable amount and should be deducted from each award and paid to the attorney. Order reinstating judgment on the mandate in accordance with this opinion may be prepared and presented to this Court.