**FIDALGO ISLAND PACKING COMPA-NY, a Corporation, and Clara Wilson, Appellants,**

v.

**A. B. PHILLIPS, Executive Director, Employment Security Commission of Alaska, Appellee.**

**No. 15510.**

United States Court of Appeals Ninth Circuit.

Aug. 19, 1957.

Faulkner, Banfield & Boochever, H. L. Faulkner, Juneau, Alaska, and John H. Dimond, Juneau, Alaska, for appellant.

J. Gerald Williams, Atty. Gen., Dickerson Regan, Juneau, Alaska, for appellee.

Before HEALY, FEE and CHAMBERS, Circuit Judges.

PER CURIAM.

Previously in this case the District Court granted a judgment holding an administrative order null and void for lack of jurisdiction on the part of the territorial employee who purported to promulgate it, and issued an injunction against enforcement thereof. Fidalgo Island Packing Company v. Phillips, D. C., 120 F.Supp. 777. Fidalgo Island was plaintiff in the cause and Clara Wilson an intervenor. A. B. Phillips, who formerly was Executive Director of the Employment Security Commission of Alaska, was defendant. Fidalgo Island and Wilson each prayed in the respective complaints for allowance of attorney fees. The judgment entered did not allow attorney fees, probably for the reason that the suit was actually against the Territory of Alaska. The purpose of the proceeding was to conserve governmental funds for the appropriate claimants, but was not an action upon the particular claims themselves. Any such allowance for attorney fees would be paid out of the Employment Security Fund or the administrative fund of the Commission. Fidalgo Island had no claim upon either of these funds, according to its

allegations, but feared its contributions would be larger than lawful and that the money would be devoted to illegal purposes. Wilson did not allege she had any presently existing claim against either fund, but adopted the allegations of the complaint of Fidalgo Island.

Neither plaintiff Fidalgo Island nor the intervenor presented any claim for interest in their respective complaints.

Phillips appealed from the judgment notwithstanding the fact that the District Court did not award to plaintiff or intervenor any costs, attorney fees or interest, and that neither appealed or cross-appealed from the judgment.

This Court affirmed the judgment as entered, and it thereby became a finality.[1] The mandate of this Court was entered. Judgment based upon the mandate, in form approved by Fidalgo Island and Wilson, was entered. However, certiorari was prayed by Phillips, or his successor, of the United States Supreme Court. It was denied.[2]

Fidalgo Island appeals from the failure of the trial court to include attorney fees and interest in the judgment after the denial of certiorari.

■ As to attorney fees, we hold that, since such allowance was prayed for in the complaints and no judgment was entered therefor, although the other relief was granted, any right thereto was lost by failure to cross-appeal. This is true even if the attorney fees are claimed as costs. If the first judgment did not specifically make this allowance for costs, it would be necessary to raise the point on the first appeal. Otherwise, multiple appeals would result.

■ As to interest, like considerations prevail. However, in addition, we may inquire upon what amount interest could be asked. In order to prevent payments on claims now adjudged illegal, plaintiff has had the court impound a fund of over Six Hundred Fifty Thousand Dollars for several years. Neither plaintiff nor intervenor is a claimant against the fund. If legitimate claimants are legally entitled to interest because of the delay upon their respective claims, this Court must assume interest will be awarded. But neither plaintiff nor intervenor has any interest therein one way or the other. Appellants have themselves caused delay of many months by this appeal, which we hold baseless.

The matter was finally adjudicated upon the first appeal, and the only item which may now be entered in addition to the judgment consists of the costs in this Court on the first appeal and upon the pending appeal.

The present appeal is dismissed with costs against the present appellants.

1. Phillips v. Fidalgo Island Packing Co., 9 Cir., 230 F.2d 638, rehearing denied 9 Cir., 238 F.2d 234.

2. Phillips v. Fidalgo Island Packing Co., 352 U.S. 944, 77 S.Ct. 262, 1 L.Ed.2d 237.