Submitted May 12, affirmed September 8, 1965

# GRENFELL *v.* GLADDEN

405 P. 2d 532

Robert Y. Thornton, Attorney General, and C. L. Marsters, Assistant Attorney General, Salem, for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

## McALLISTER, C. J.

This is a habeas corpus proceeding brought in the circuit court for Marion county by Thomas Grenfell, a prisoner in the state penitentiary, against the warden, Clarence T. Gladden. The petition is based on alleged cruelty of the prison guards. The lower

court after a hearing on the merits dismissed the writ, and plaintiff appeals.

It appears from the record that on March 8, 1963 Grenfell was sentenced to the penitentiary for a term not exceeding five years. The validity of that sentence is not challenged. In his petition in this proceeding Grenfell alleges that on October 6, 1963 in the segregation building in the penitentiary, he was subjected to an unprovoked, unnecessary and brutal beating at the hands of three prison guards, who are named in the petition, that said guards assaulted him by striking him with their fists and by kicking him, and that as a result of such conduct on the part of the officers it was reasonably necessary for the petitioner to use force in self-defense. Petitioner further alleges that the force used upon him was not necessary to compel compliance with prison regulations, that in any event it was not necessary or proper for the guards to hit him, and that the alleged assault and battery was in violation of ORS 421.105(1), (2).[1]

For many years this court followed without deviation the traditional rule that habeas corpus could only be used to attack a judgment void because the court lacked jurisdiction of the person or the subject matter. *Garner v. Alexander,* 167 Or 670, 674, 120 P2d 238 (1941), cert. den. 316 US 690, 62 S Ct 1281, 86 L Ed 1761 (1942); *Macomber v. State,* 181 Or 208, 217, 180 P2d 793 (1947). In *Huffman v. Alexander,* 197 Or 283, 299, 251 P2d 87, 253 P2d 289 (1953), it was recog-

---

[1] ORS 421.105 "(1) The warden may enforce obedience to the rules for the government of the convicts by appropriate punishment but neither the warden nor any other prison official or employe may strike or inflict physical violence except in self-defense, or inflict any cruel or unusual punishment.

"(2) The person of a convict sentenced to imprisonment in the penitentiary is under the protection of the law and he shall not be injured except as authorized by law."

nized that the invalidity of a judgment might result from circumstances in connection with the criminal prosecution "even though the court had jurisdiction, in the narrow sense, over person and subject-matter at the inception of the proceedings." See also, *Anderson ex rel Poe v. Gladden*, 205 Or 538, 543, 288 P2d 823 (1955), cer. den. 350 US 974, 76 S Ct 451, 100 L Ed 845 (1956); *Smallman v. Gladden*, 206 Or 262, 269, 291 P2d 749 (1956). In *Landreth v. Gladden*, 213 Or 205, 324 P2d 475 (1958), we held that habeas corpus would lie to set aside a sentence in excess of the power of the court to impose.

Whether the remedy of habeas corpus should be further expanded to permit its use by a prisoner claiming that cruel and unusual punishment is being inflicted on him in violation of his rights under the Constitution of the United States or the Constitution of Oregon need not be decided in this case. We note, however, that a growing number of jurisdictions are permitting the use of habeas corpus for that purpose. *In re Riddle*, 57 C2d 848, 22 CaR 472, 372 P2d 304 (1962), cert. den. 371 US 914, 83 S Ct 261, 9 L Ed2d 173 (1962); *In re Jones*, 57 C2d 860, 22 CaR 478, 372 P2d 310 (1962); *Mahaffey v. State*, 87 Ida 228, 392 P2d 279 (1964); *State v. Tahash*, 269 Minn 1, 129 NW2d 903 (1964); *People v. Johnston*, 9 NY2d 482, 215 S2d 44, 174 NE2d 725 (1961); *Hughes v. Turner*, 14 Utah2d 128, 378 P2d 888 (1963), cert. den. 374 US 846, 83 S Ct 1903, 10 L Ed2d 1065; *Coffin v. Reichard* (6th Cir 1944), 143 F2d 443, 155 ALR 143; *Johnson v. Dye* (3rd Cir 1949) 175 F2d 250, rev. [on other grounds] 338 US 864, 70 S Ct 146, 94 L Ed 530 (1949), reh. den. 338 US 896, 70 S Ct 238, 94 L Ed 551.

Assuming that habeas corpus will issue to prevent the imposition of cruel or unusual punishment of such

a nature as to render the imprisonment void under § 13 and § 16, Art. I, of the Oregon Constitution, or under the Eighth Amendment to the Constitution of the United States, we hold nevertheless that the petition in this case fails to allege treatment constituting cruel and unusual punishmment within the meaning of those constitutional provisions. The petition in this case alleges only an isolated assault on petitioner by prison guards. If we assume that the alleged assault was unlawful, we must also assume that the warden has taken steps to prevent its repetition. The petition does not allege that the assault was a routine happening, nor that it is likely to recur. We have held in *Gibbs v. Gladden*, 227 Or 102, 105, 359 P2d 540 (1961), cert. den. 368 US 862, 82 S Ct 105, 7 L Ed2d 58 (1961), that the purpose of the writ of habeas corpus is to inquire into the legality of imprisonment and not to supervise administration of the institution. In the absence of some showing that petitioner's constitutional rights will probably be violated, we think the petition failed to state facts sufficient to warrant the issuance of the writ.

The judgment of the lower court is affirmed.