Submitted on record and briefs January 26,
affirmed February 26, 1970

NEWTON, *Appellant, v.* CUPP, *Respondent.*
(Case No. 67914)
465 P2d 734

Andrew Albert Newton, Jr., *in propria persona,* Salem, for appellant.

Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem, for respondent.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

Petitioner is a prisoner in the Oregon State Penitentiary under two concurrent sentences of 10 and 5 years. The validity of these sentences is not contested in these proceedings. Without the aid of counsel he filed a petition for a writ of habeas corpus alleging that he is a Negro and has been discriminated against while in the custody of defendant.

He alleged that in a pending assault felony case against him in Marion County Circuit Court, Judge Val D. Sloper had denied his motions before he "had a chance to describer (sic) or explain * * * [them]" and that Judge Sloper held him in contempt of court when "the only thing * * * [he] was trying to do, was protect his rights in court." He also charged that while he was taken to and from the county courthouse the deputy sheriffs subjected him to mental harassment; that he and another Negro have been charged with assault and battery on prison guards, but white men who did the same thing have not been prosecuted; that he has been ordered into the security and isolation building pending trial of the felony assault charge; that his mother has been barred from visiting him in the security and isolation building; and that his mail has been held up "for quite sometime." He states these allegations constitute cruel and

unusual punishment. The trial court, Judge Douglas L. Hay, peremptorily dismissed the petition because it "fails to state facts sufficient to constitute grounds for relief * * *."

We agree with the trial court. None of the allegations relate to the legality of petitioner's present incarceration nor set forth cruel or unusual punishment under any constitutional sanctions. The purpose of the writ of habeas corpus is to inquire into the legality of imprisonment and not to supervise administration of the institution. ORS 34.310; *Grenfell v. Gladden,* 241 Or 190, 193, 405 P2d 532 (1965), cert den 382 US 998, 86 S Ct 588, 15 L Ed 2d 486 (1966); *Gibbs v. Gladden,* 227 Or 102, 359 P2d 540, cert den 368 US 862, 82 S Ct 105, 7 L Ed 2d 58 (1961).

Petitioner's other assignments are likewise without merit.

Affirmed.