Argued July 23, reversed and remanded September 10, 1970

## ANDREW ALBERT NEWTON, JR., *Appellant,* v. CUPP, *Respondent.*

474 P2d 532

*Robert B. McConville*, Salem, argued the cause and filed the briefs for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

This is an appeal from an order dismissing a petition for a writ of habeas corpus. Petitioner was convicted and imprisoned in the Oregon State Penitentiary pursuant to two judgments, the legality of which are not contested in this proceeding. In his writ, petitioner contends that he has been subjected to a course of cruel and unusual punishment and to denial of religious freedom at the hands of the defendant, who is superintendent of the state penitentiary, and by certain of the guards therein. The petition was filed in

the Marion County Circuit Court and summarily dismissed without a hearing.

■ Habeas corpus does not countenance supervision of the administration of a penal institution by the courts. *Newton v. Cupp,* 1 Or App 645, 465 P2d 734 (1970); *Grenfell v. Gladden,* 241 Or 190, 193, 405 P2d 532 (1965), cert den 382 US 998, 86 S Ct 588, 15 L Ed 2d 486 (1966); *Gibbs v. Gladden,* 227 Or 102, 359 P2d 540, cert den 368 US 862, 82 S Ct 105, 7 L Ed 2d 58 (1961). Its purpose is to inquire into the legality of punishment. *Newton v. Cupp,* supra, recognizes that such inquiry may extend to constitutional sanctions.

■ In *Grenfell v. Gladden,* supra, the court said at page 192:

> "Whether the remedy of habeas corpus should be further expanded to permit its use by a prisoner claiming that cruel and unusual punishment is being inflicted on him in violation of his rights under the Constitution of the United States or the Constitution of Oregon need not be decided in this case. We note, however, that a growing number of jurisdictions are permitting the use of habeas corpus for that purpose. [Citations omitted.]"

Since, in this case, the petitioner alleges a number of beatings and the likelihood of their continuance, unlike the single occurrence alleged in *Grenfell,* supra, the time has come when the issue must be decided in this state. We are of the opinion that habeas corpus is available in Oregon to test the constitutionality of treatment afforded an inmate of a penal institution.

■ Newton prepared and filed his own petition for a writ in this case, and also in *Newton v. Cupp,* supra. Some of the brutal treatment complained of in this case allegedly occurred prior to the filing of the

earlier petition, but was not mentioned therein. Thus the possibility is raised that Newton may be playing games with the court. Further, his inexcusable conduct in the courtroom as reported in *State v. Newton*, 2 Or App 417, 467 P2d 978 Sup Ct *review denied* (1970), is not conducive to confidence in his claim of unprovoked assaults. Nevertheless, courts cannot risk extinguishment of any man's constitutional right to be free of "vindictive justice"[1] and "cruel and unusual punishments."[2] The serious allegations in this case require that petitioner have an opportunity to be heard.

■ Defendant argues that ORS 34.330 prohibits use of the writ of habeas corpus by persons imprisoned by virtue of the judgment of a court of competent jurisdiction. But the defendant overlooks the more recent Post-Conviction Relief Act, ORS 138.510 to 138.680, which was enacted in 1959. The Act was intended to be the exclusive means, other than appeal, for challenging a judgment of conviction of crime or the proceedings upon which it is based. All other common law post-conviction remedies were abolished, except that habeas corpus is preserved as follows in ORS 138.540 (2) :

"When a person restrained by virtue of a judg-

---

[1] Oregon Constitution, Art I, § 15.

"Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice."

[2] Oregon Constitution, Art I, § 16; U.S. Const., Amendment VIII.

"Excessive bail shall not be required, nor excessive fines imposed. Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense. In all criminal cases whatever, the jury shall have the right to determine the law, and the facts under the direction of the Court as to the law, and the right of new trial, as in civil cases."

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

ment upon a conviction of crime asserts the illegality of his restraint upon grounds other than the unlawfulness of such judgment or the proceedings upon which it is based or in the appellate review thereof, relief shall not be available under ORS 138.510 to 138.680 *but shall be sought by habeas corpus* or other remedies, if any, as otherwise provided by law. * * *'' (Emphasis supplied.)

■ To the extent that the Post-Conviction Act is in conflict with Oregon's habeas corpus statute (ORS 34.310 to 34.730), accepted principles of statutory construction dictate that the most recent enactment controls. *Anthony et al v. Veatch et al*, 189 Or 462, 220 P2d 493 (1950); *Winslow v. Fleischner et al*, 112 Or 23, 228 P 101 (1924); and see I Sutherland, Statutory Construction (3rd Ed) § 2012, pp. 463-464.

■ Ordinary civil remedies for the protection of petitioner's constitutional rights are not available to one imprisoned upon conviction of a felony. ORS 137.240. *Boatwright v. S.I.A.C.*, 244 Or 140, 142, 416 P2d 328 (1966). To hold that habeas corpus is also unavailable would be to leave petitioner in the medieval position of possessing a right for which there exists no remedy. This the Oregon Constitution forbids.[9]

Defendant is accused of denying petitioner his religious freedom by prohibiting him from possessing religious materials, including the book entitled *The Holy Qu-ran* by Usef Ali. Newton claims such materials are necessary to the practice of his religion as a Muslim of the Islamic faith. In *In re Ferguson*, 55 C 2d 663, 361 P2d 417, 421 (1961), the California Su-

---

[9] Oregon Constitution, Art I, § 10.

   "* * * every man shall have remedy by due cause of law for injury done him in his person, property, or reputation."

preme Court found that members of the Muslim Religious Group believed in the supremacy of the black race and advocated hatred of the white race. As a matter of policy, members of the group engaged in violent disobedience of prison discipline. The court said:

> "* * * However, it is apparent that the Muslim beliefs in black supremacy, and their reluctance to yield to any authority exercised by 'someone [who] does not believe in [their] God,' present a serious threat to the maintenance of order in a crowded prison environment. Even conceding the Muslims to be a religious group it cannot be said under the circumstances here presented that the Director of Corrections has made an unreasonable determination in refusing to allow petitioners the opportunity to pursue their claimed religious activities while in prison. * * *"

The refusal of prison officials to allow possession of such materials was upheld by the court.[④]

▉▉▉▉ Petitioner claims that he does not belong to the Black Muslim Sect; that he is a true believer in the Islamic faith, not in the militant organization's teachings. He has alleged a distinction from *Ferguson,* supra. We cannot know from the record before us the nature of the materials which Newton seeks, nor whether he is striving for true religious experience rather than violence. Unquestionably, Corrections Division officials are prohibited by the Oregon and United States constitutions from discriminating

---

[④] The wheel has now turned a full circle. On July 8, 1970, the Federal District Court for the Northern District of California, Zirpoli, J., in Northern v. Nelson, (not reported) ordered California penal and correctional institutions to make *The Holy Qu-ran* and other materials available to those inmates who profess the Muslim faith.

against any religion in their treatment of inmates. If members of one faith can practice their religious beliefs and possess religious materials, equivalent opportunity must be available to members of another faith. But those officials are responsible for maintaining order and protecting the lives of penitentiary employees and inmates. It may be that corrections officials should not be compelled to allow dissemination in the penitentiary of literature advocating and encouraging conduct which the officials may lawfully suppress. It would seem that any publication which would substantially disrupt prison discipline should be excluded.

We realize the difficulty faced by a trial court in determining what is a religion and whether religious beliefs are sincerely held. But the protection of religious freedom is one of the obligations of all courts. If it is necessary to extend such protection here, the trial court will need to consider what limitations should be placed upon religious observances because of other compelling interests of the state.

The petition in this case is sufficient to require issuance of the writ, although the trial court should ignore the surplusage in the petition, and limit the trial to relevant constitutional questions.

The allegations of the petition, even if proved, do not warrant an order for the release of the petitioner, but, if he is able to establish deprivation of his constitutional rights, the trial court can order corrective measures to be taken.

Reversed and remanded to the circuit court for proceedings consistent with this opinion.