Argued July 24, affirmed August 27, petition for rehearing denied September 26, petition for review denied November 20, 1973

LARRY R. SLOPAK (No. 78944), *Appellant, v.* CUPP ET AL, *Respondents.*

513 P2d 531

*David H. Blunt,* Salem, argued the cause and filed the brief for appellant.

*Scott McAlister,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Petitioner, a prisoner, for himself and others similarly situated brought this proceeding on alleged constitutional grounds for a writ of habeas corpus to require officials of Oregon state prison to provide copying equipment for use by inmates in preparing legal documents for court filings. The petition was dismissed in circuit court because it failed to state grounds for relief, and petitioner appeals.

Habeas corpus is authorized in ORS 34.310 et seq. Petitioner points to no provision therein allowing relief of the nature sought. However, in *Newton v. Cupp,* 3 Or App 434, 437, 474 P2d 532 (1970), we held

"* * * that habeas corpus is available in Oregon to test the constitutionality of treatment afforded an inmate * * *."

An examination of Oregon's statutes does not disclose that pleadings authorized in court proceedings by inmates require copying, or if they do, that provision is not made therefor. ORS 137.240 (1)(a) eliminates court proceedings for inmates except those hereafter mentioned.

If an inmate is prosecuted, or if he takes a direct appeal from a conviction, private counsel or public defenders are provided for indigent prisoners and expenses for legal documents are paid by the state or respective counties. ORS 135.330; 138.300; 138.480; 138.500. If original habeas corpus proceedings are commenced without aid of counsel, copies are not required (ORS 34.310 et seq.)—none was required in this case. And if post-conviction relief is sought, copies may be dispensed with on claim of indigency, and counsel and expenses are paid for by respective counties or the state through the Public Defender's of-

fice. ORS 138.580; 138.590. Thus, the counsel provided in any of these instances can do necessary copying and be reimbursed therefor. We conclude that petitioner's allegations as a matter of law and on their face present no cause for relief.

Affirmed.