Argued July 25, reversed and remanded October 20, 1975,
petition for review pending

BROOKS, *Appellant, v.* DIERKER (No. 73-1487-E),
*Respondents.*
541 P2d 502

Robert A. Boyer, Medford, argued the cause for appellant. With him on the briefs were Boyer & Putney, Medford.

Thomas J. Owens, Medford, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

LEE, J.

Plaintiff appeals from the decree in a declaratory judgment proceeding which tested the validity of a sewage disposal permit. The permit was "granted" June 5, 1972 by the Jackson County health officer who is one of the defendants. Issuance of the permit was first appealed pursuant to the then governing "Sewage Disposal Ordinance of 1970" (hereinafter the "1970 ordinance"). This appeal was heard July 12, 1972 by the Jackson County Planning Commission which ordered the county health officer to "stay" the permit. On August 9, 1972, that commission found "no error" and referred the appeal back to the health officer who thereafter notified plaintiff that his design was satisfactory and his permit was "reinstated."

The stipulated facts are that "by Order entered October 18, 1972, nunc pro tunc August 9, 1972" the "Jackson County Sewage Disposal Ordinance of 1972" (hereinafter the "1972 ordinance") was adopted. Section 22 thereof contained a savings clause as follows:

"A sewage disposal permit obtained from the health officer under the provisions of the Jackson County Sewage Disposal Ordinance of 1970 shall continue in effect following the adoption date of this ordinance." (Emphasis supplied.)

On August 22, 1972, the county undertook a second appeal, this time to appeal the reinstatement of the

permit. The second appeal was purportedly taken pursuant to the appeal provisions of the 1972 ordinance. On December 26, 1972, plaintiff was notified that the permit issued June 5, 1972, was revoked.

Between the date of the reinstatement of the permit and the receipt of notice of the further appeal on August 22, 1972, the plaintiff invested substantial time and money in reliance on the permit. Estoppel, however, is not the basis for our decision.

■ Plaintiff contends, *inter alia,* that the permit issued under the 1970 ordinance remained valid under the savings clause of the 1972 ordinance and the attempted further appeal was a nullity.

Defendants contend that the results of the second appeal are controlling and that the appeal was fully authorized by the terms of the 1972 ordinance, which was made retroactive *nunc pro tunc.* We cannot agree with the county's contentions for the following reasons.

Under the terms of the 1970 ordinance the Planning Commission in considering the first appeal was "limited to interpretations of the ordinance." By the stipulated facts defendants admitted that on the first appeal the Planning Commission "found no error" in the defendant county health officer's interpretation of the ordinance. Nevertheless, the county health officer did make certain "additional tests" then gave both oral and written notice to plaintiff that his permit was "reinstated."

Regarding the *nunc pro tunc* aspect of the 1972 ordinance, in *Morgan v. Morgan,* 13 Or App 14, 20, 507 P2d 409, Sup Ct *review denied* (1973), we dealt with a similar question as to the possible retroactivity of the "no-fault" divorce law. The plaintiff filed his divorce complaint prior to the effective date of the new law. The court said:

"Thus, by filing his complaint prior to October

1, 1971, plaintiff obtained the right to have his case tried and determined under the old law, notwithstanding the amendment or repeal of those provisions by the new law, effective October 1, 1971. Likewise the defendant was entitled to the same right. * * *"

Accordingly, we conclude that the appeal provisions of the 1972 ordinance have no application to the present case; and the savings clause of the 1972 ordinance makes the appeal provisions of the 1970 ordinance controlling.

In other words, we interpret the savings clause to mean that inasmuch as plaintiff's permit was "granted" on June 5, 1972 under the 1970 ordinance, his permit would continue in effect unless and until modified or revoked in review proceedings under the 1970 ordinance. The effect of the savings clause was to make it unnecessary for plaintiff to start *ab initio* under the 1972 ordinance.

In our view, this savings clause shows an unmistakable legislative intent to provide that all permits which were processed, or are being processed, under the 1970 ordinance must continue to be processed thereunder notwithstanding its repeal by the 1972 ordinance.

We cannot agree, however, with plaintiff's argument that the savings clause necessarily caused the vesting of his permit. This is so because plaintiff's permit was still in the governmental process by reason of the county's second appeal.

Even though plaintiff's permit was reinstated by the health officer, the county was entitled to a further appeal to the Planning Commission pursuant to the 1970 ordinance to ascertain whether the health officer correctly interpreted the 1970 ordinance in the process of reconsidering and reinstating plaintiff's permit.

■ Thus, the review by the Planning Commission on the second appeal must be confined to any interpretation of *new matter* made by the health officer in reinstating the permit. This follows from the fact that the defendants admitted in their answer that the Planning Commission, in considering the first appeal, concluded that the health officer had made "no error" in interpreting the ordinance.

Reversed and remanded for further proceedings not inconsistent with this opinion.

SCHWAB, C. J., dissenting.

I

The final county decision on plaintiff's septic tank permit application was made in December 1972. Not until over eight months later, in August 1973, was any judicial review of that decision sought. At that time, plaintiff filed a petition for a writ of mandamus. Then in January 1974, the proceeding was somehow transformed to its present nature when plaintiff filed an "Amended Complaint for Declaratory Judgment."

Had plaintiff's initial application to the circuit court been for a writ of review, it would have been much too late under the applicable 60-day limitations period, ORS 34.030, which has been held to be jurisdictional. *Meury v. Jarrell,* 269 Or 606, 525 P2d 1286, *aff'g* 16 Or App 239, 517 P2d 1221 (1974).

Since the county decision here reviewed was quasi-judicial in nature, plaintiff could have sought a writ of review. ORS 34.040. When a writ of review is a possible remedy, it has been argued it should be the exclusive remedy. Sullivan, *From Kroner to Fasano: An Analysis of Judicial Review of Land Use Regulation in Oregon,* 10 Will L J 358, 370-75 (1974). The arguments advanced are not insubstantial, including the claim that where, as here, quasi-judicial decisions

affect property interests, both local officials and property owners should be able to know after 60 days that a decision is final.

However, Oregon statutes provide that declaratory relief is available "whether or not further relief is or could be claimed," ORS 28.010, and Oregon cases hold "declaratory relief was not intended to be exclusive or extraordinary, but alternative and optional," *Schmitt et ux v. Culhane et al,* 223 Or 130, 134, 354 P2d 75 (1960).

I suggest it is possible to achieve both the desirable goals argued for in 10 Will L J, supra, and at the same time do no violence to existing declaratory judgment law: we need only hold that the 60-day limitations period stated in ORS 34.030 is applicable in all situations where the writ of review was an available remedy.

The leading case in this regard is *Maguire v. Hibernia S. & L. Soc.,* 23 Cal2d 719, 146 P2d 673, 151 ALR 1062 (1944). Other cases are collected in Annotation, 151 ALR 1076 (1944). These cases generally reason that the declaratory judgments statutes contain no limitations period, but it is ludicrous to conclude the legislature intended none to be applicable, and therefore the relevant limitations period in a declaratory judgment case has to be based on the underlying cause of action. For example, in a declaratory judgment case involving a claimed breach of contract, the limitations period for an action at law for breach of contract would be applicable.

Applying that analysis here, I think plaintiff's underlying cause of action is for review of a quasi-judicial decision. A writ of review is clearly available here, ORS 34.040, regardless of whether it is exclusive. We should hold that the 60-day limitations period is applicable and that plaintiff came to court too late.

## II

Moreover, I do not think we should undertake to review a quasi-judicial decision of a local government without having the record that was before the local government before us, as would happen in a writ of review case, but as did not happen in this proceeding.

The only facts before us are those admitted in the pleadings and contained in a six-page written stipulation, which mostly repeats the facts admitted in the pleadings. No witnesses were called; no exhibits were introduced. The trial court's opinion noted that the record that was before the local government was not before the court and stated "it is difficult for the court to determine what occurred." I agree.

As I understand the situation, the Health Officer's initial approval of plaintiff's disposal permit was appealed to the Planning Commission. On August 9, 1972, the Planning Commission "referred" the matter back to the Health Officer—apparently this was tantamount to a remand for further proceedings. The Health Officer then apparently conducted further proceedings and then notified plaintiff his disposal permit was "reinstated." The date of this action is not in the record, but it must have been after the August 9 remand to the Health Officer and before the August 22 appeal of the "reinstatement." About this same time, the Jackson County Sewage Disposal Ordinance of 1972 was, according to the complaint, "adopted by Order entered October 18, 1972, nunc pro tunc August 9, 1972."

The majority finds more in this record than I do. It refers to the various appeals being initiated "by the county." As best I can determine, they were initiated by a contiguous landowner who claimed plaintiff's contemplated septic tank system would create a health hazard. The majority seems to think the 1972 ordi-

nance was applied to plaintiff "retroactively." There is a large body of law governing adoption of ordinances; I do not recognize adoption by "nunc pro tunc order." I am not sure what this means to the majority; it conveys no meaning at all to me.

My point is not to quibble with the majority. My objection is to plaintiff's chosen procedures—asking the courts to review a quasi-judicial decision without furnishing the record that was the basis of that decision. Rather than having to speculate about what the facts are, I would hold review is impossible without the record.

### III

The majority holds, as best I understand, that the *procedures* established by the 1970 ordinance must be applied to plaintiff, notwithstanding the fact that the 1970 ordinance was repealed and replaced by the 1972 ordinance while the question of whether plaintiff would receive a permit was unsettled.

I simply disagree with the majority's analysis of Section 22 of the 1972 ordinance, which provides that previously obtained permits "shall continue in effect following the adoption date of this ordinance." This language does not indicate any legislative intent on the question of whether permit applications then "in the pipeline" have to be processed under repealed procedures.

*Morgan v. Morgan,* 13 Or App 14, 507 P2d 409, Sup Ct *review denied* (1973), is not applicable for several reasons: (1) the language relied upon by the majority is the view of a single judge, expressly not joined by the other members of the panel, 13 Or App at 24, and is not precedent for anything; (2) *Morgan* involved interpretation of Oregon Laws 1971, ch 280, § 29, which is radically different from Section 22 of the

ordinance now before us; and (3) most importantly, the *Morgan* language involved whether statutory changes can affect substantive rights asserted in pending cases, not the very different question of whether statutory changes can affect the procedures applicable to pending cases. That question is not answered by *Morgan,* but by cases like *Libby v. Southern Pac. Co.,* 109 Or 449, 219 P 604, 220 P 1017 (1923), which is contrary to the majority's disposition here.

For the foregoing reasons I would affirm, and therefore respectfully dissent.