Argued September 15, affirmed November 24, reconsideration
denied December 23, 1975, petition for review denied
January 20, 1976

## CLINTON RAY ROSE, *Appellant, v.* CUPP (No. 89126) (CA 4757), *Respondent.*

542 P2d 925

*Richard D. Gatti*, Salem, argued the cause and filed the brief for appellant.

*Rhidian M. M. Morgan*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Petitioner, an inmate in the Oregon State Penitentiary, appeals from an order of the circuit court of Marion County sustaining a demurrer to his petition for writ of habeas corpus.

In his petition, he alleges that on November 13, 1974, while in the custody of the defendant, he was informed that he was being sent to Alabama as a witness in a trial there. That day, without receiving a hearing or an opportunity to consult with an attorney, petitioner was transported to Alabama against his will. Upon his arrival there petitioner learned that instead of being a witness he was going to be tried for murder, for which he was eventually convicted. He was then returned to Oregon to serve the remainder of his sentence.

Petitioner also alleges that he has been informed by prison authorities that he is going to be sent to North Carolina, again without benefit of extradition proceedings, to stand trial there. He seeks an order to prevent this transfer unless proper extradition proceedings are followed.

We must first decide whether habeas corpus is an appropriate remedy by which petitioner may obtain the relief he seeks. At the time petitioner filed

this writ, the repeal of the civil death statute by the 1975 legislature, Oregon Laws 1975, ch 781, had not become effective; thus he contends a petition for habeas corpus was the only procedure open to him.

Now, however, the new statute is effective. Section 1 thereof provides:

"Except as otherwise provided by law, a person convicted of a felony does not suffer civil death or disability, or sustain loss of civil rights or forfeiture of estate or property, but retains all of his rights, political, civil and otherwise, including, but not limited to, the right to vote, to hold, receive and transfer property, to enter into contracts, including contracts of marriage, and to maintain and defend civil actions, suits or proceedings."

Thus, there is now available to this petitioner, should he be threatened with what he contends would be an unlawful transfer to another state, an appropriate civil remedy.

Here there is no existing condition which can be remedied by the writ. Petitioner makes no allegation about the *present* conditions of his confinement, nor does he point to any way that a writ of habeas corpus will effectively remedy his concern over possible transfer to North Carolina without extradition. He does not contend that his present confinement in Oregon is itself unlawful.

In *DeFunis v. Odegaard*, 416 US 312, 94 S Ct 1704, 40 L Ed 2d 164 (1974), the court decided that the case was moot because the plaintiff at the time of decision on appeal was already assured of receiving all the relief which he had initially sought. Petitioner here concedes that the courts of this state can afford him no relief from the earlier transfer to Alabama and his conviction there for murder. The only relief currently sought relates to his claim of threat of transfer with-

out extradition to North Carolina for prosecution there.

■ In Oregon we think it clear that the legislature by its repeal of civil death statutes and the granting of the rights enumerated in Oregon Laws 1975, ch 781, did not intend that the writ of habeas corpus should be extended beyond its historic role in order to provide an alternate remedy. *Brooks v. Gladden,* 226 Or 191, 358 P2d 1055, *cert denied* 366 US 974, 81 S Ct 1942, 6 L Ed 2d 1263 (1961); *Slopak v. Cupp,* 14 Or App 512, 513 P2d 531, Sup Ct *review denied* (1973).

In *Barnett v. Gladden,* 237 Or 76, 390 P2d 614, *cert denied* 379 US 947, 85 S Ct 445, 13 L Ed 2d 545 (1964), the Oregon Supreme Court considered the impact on habeas corpus rights in Oregon of the enactment of other subsequent legislation, the Oregon Post-Conviction Hearing Act (ORS 138.510-138.680). The court said:

"While the post-conviction statute supersedes the statutory right of habeas corpus, the relief afforded by habeas corpus for denial of constitutional rights is retained." 237 Or at 84.

■ Accordingly, we conclude that where there is a civil remedy available, and there is no present or past denial of a prisoner's constitutional rights, such remedy must be pursued. Petitioner now has available to him an adequate civil remedy, as by way of a suit for injunction, to challenge the alleged threatened violation of his right to extradition proceedings prior to his transfer for prosecution of a criminal charge in a sister state.

Affirmed.

THORNTON, J., dissenting.

As I understand the rationale of the majority opinion, petitioner is being denied relief for two rea-

sons: First, because habeas corpus does not lie, and, second, because after petitioner's case was heard in the trial court, and while his appeal was pending in this court, the Oregon civil death statute was repealed, thus affording petitioner a remedy, namely, by filing a new suit for injunctive relief against the threatened illegal removal to North Carolina.

I cannot agree with the majority's conclusion for two reasons.

First, although petitioner's allegations regarding his removal to Alabama are moot, those allegations regarding his alleged wrongful impending removal to North Carolina are not. These allegations, if true, concern the impending violation of petitioner's constitutional due process rights to a hearing before transfer (*see*, ORS 135.789), as well as his treatment by prison authorities, and may properly be considered in a habeas corpus proceeding under the prior decisions of this court.

At the time petitioner filed his petition for the writ, Oregon Laws 1975, ch 781, which repealed the civil death statute, had not become effective, so proceeding by habeas corpus was the only procedure open to him. Because of the limited legal procedure available to inmates at that time this court in *Newton v. Cupp*, 3 Or App 434, 474 P2d 532 (1970), felt obliged to extend the scope of the habeas corpus remedy to all situations where an inmate's constitutional rights were allegedly violated. There we stated:

> "Ordinary civil remedies for the protection of petitioner's constitutional rights are not available to one imprisoned upon conviction of a felony. * * * To hold that habeas corpus is also unavailable would be to leave petitioner in the medieval position of possessing a right for which there exists no remedy. This the Oregon Constitution forbids." *Newton,* supra at 439.

In *Slopak v. Cupp,* 14 Or App 512, 513 P2d 531, Sup Ct *review denied* (1973), petitioner, an inmate in the penitentiary, brought a habeas corpus proceeding for himself and other inmates to compel prison officials to provide inmates with copying equipment for use in preparing court filings. This court, while tacitly recognizing that habeas corpus could be employed in this case, held that petitioners did not need the equipment to prepare their court filings.

In *Chochrek v. Cupp,* 23 Or App 1, 541 P2d 495 (1975), petitioner brought a habeas corpus proceeding alleging violation of constitutional rights in that (1) he was denied frequent access to the prison library; (2) he was denied the right to vote; and (3) his participation in a school release program was terminated without an adequate hearing.

In the majority opinion it was held that relief on the first point should be denied because the petition did not allege that no other means of legal assistance was available. Relief on the second point was denied because the civil death statute strips inmates of the right to vote. Relief on the third point was precluded by determining that the termination was an institutional transfer, review of which is by this court, not the trial court which was then without jurisdiction to consider the merits on that point. Again the court tacitly recognized that habeas corpus could be utilized as to points one and two.

For the above reasons I disagree with the conclusion that habeas corpus is not an appropriate remedy in the present case.

Second, I cannot agree that petitioner should be required to start all over again simply because while his case was on appeal to this court Oregon Laws 1975, ch 781, which repeals the Oregon civil death statute,

became effective. The usual rule in this situation was stated in *Morgan v. Morgan,* 13 Or App 14, 20, 507 P2d 409, Sup Ct *review denied* (1973), where the plaintiff filed a divorce complaint prior to the effective date of the new "no-fault" divorce law.

This court said:

"Thus, by filing his complaint prior to October 1, 1971, plaintiff obtained the right to have his case tried and determined under the old law, notwithstanding the amendment or repeal of those provisions by the new law, effective October 1, 1971. Likewise the defendant was entitled to the same right. * * *"

*Accord: Brooks v. Dierker,* 23 Or App 90, 541 P2d 502 (1975); *Fidalgo Island Packing Company v. Phillips,* 147 F Supp 883 (DC Alas 1957). To the same effect *see, Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972); *Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969).

If we take petitioner's allegations to be true, as we must on demurrer, and of course without any reflection upon the fidelity of the officials concerned, the officers at our penitentiary are on the verge of turning petitioner over to the North Carolina authorities without formal proceedings.

We are dealing here with a presumably indigent prison inmate who is without funds to employ an attorney. By requiring petitioner to start anew we expose him to the risk of being immediately turned over to North Carolina authorities before he can even obtain the services of an attorney, let alone file the new proceeding suggested by the majority. Thus, if we affirm, there is nothing to prevent the Oregon prison authorities from turning petitioner over to the North Carolina authorities next week before petitioner can begin to thread his way through the procedure of ob-

taining counsel at public expense. This of course would render his case moot. After all, that is precisely what he alleges took place in connection with his prior removal to Alabama.

For the above reasons I believe petitioner should be permitted to go to trial on his original petition.