Argued October 8, reversed and remanded with instructions December 11, 1968, petition for rehearing denied January 14, 1969

SMITH, *Respondent, v.* CLACKAMAS COUNTY, *Appellant.*

448 P. 2d 512

*Thomas H. Denney,* Deputy District Attorney, Oregon City, argued the cause for appellant. With him on the briefs was Roger Rook, District Attorney, Oregon City.

*Gary M. Bullock,* Portland, argued the cause for respondent. With him on the brief were Lent, York, Paulson & Bullock, Portland.

Carrell F. Bradley, of Schwenn, Bradley & Batchelor, Hillsboro, filed a brief as amicus curiae, on behalf of Tillamook County.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

The only question in this appeal is whether the 1965 amendment[1] to ORS 368.935 (concerning the liability of a county for damages caused by defective roads) was intended to be retrospective or prospective. The current version of the statute is found in ORS 368.940.[2]

---

[1] Oregon Laws 1965, ch 500.

[2] ORS 368.940. "Whenever any individual, while lawfully traveling upon any highway of this state which is a legal county

In April of 1965, when the plaintiff was injured, ORS 368.935 provided that counties were strictly liable, without proof of negligence, for damages caused by defective roads. *Clary v. Polk County,* 231 Or 148, 372 P2d 524 (1962). The recovery under the strict-liability statute was limited to $2,000.

Clackamas County apparently had become dissatisfied with its experience under the strict-liability provisions of ORS 368.935, and caused to be introduced in the 1965 Legislative Assembly a measure which repealed ORS 368.935 and replaced it with ORS 368.940, which requires proof of negligence. In order to attract enough votes to secure enactment of the change in the basis of liability, the measure was "sweetened" by its sponsors to enlarge the limits of liability from $2,000 to $10,000. The new legislation, which became effective August 13, 1965, contained a saving clause,[9] which was not included in the codification.

The plaintiff in the present action asserts that she is entitled to recovery up to $10,000 under the new statute even though her cause of action arose under the old statute. The county insists that the old statute governs the cause of action.

road or bridge upon such highway, without contributory negligence and without knowledge of the defect or danger, sustains any loss, damage or injury to person or property in consequence of the defective or dangerous condition of the road or bridge of which the county court or board of county commissioners or county road department for such county has notice, or of which, in the exercise of ordinary care, any of them should have had notice and sufficient time to remedy such defective or dangerous condition, he is entitled to recover of the county in which the loss, damage or injury occurred, compensatory damages, not exceeding $10,000 in any case, by action in the circuit, district or justice's court in the county if the amount of damages sued for does not exceed the jurisdictional limit of the court."

[9] Oregon Laws 1965, ch 500, § 3. "This Act shall not affect any action, suit or proceeding commenced prior to and pending on the effective date of this Act."

■ The wording of Section 3 of the amending law brings into conflict two concepts frequently considered as guides to statutory construction: (1) statutes are presumed to be prospective, and will be considered to be retrospective only when such intent is clearly spelled out; and (2) the inclusion of specific matter tends to imply a legislative intent to exclude related matters not mentioned.

The Legislative Assembly expressed its intent that the old statute should apply to all pending actions which had been filed prior to the effective date of the new law. What the Assembly left unexpressed was its intent, if any, with reference to causes of action which had accrued prior to August 13, 1965, but which had not been filed prior to that date.

■ Numerous wrongful-death cases hold that when the limits of recovery are changed by legislation, any cause of action existing prior to the change in the law is governed by the old limit of recovery. See *Wiebe v. Seely, Administrator,* 215 Or 331, 335 P2d 379 (1959), and cases elsewhere collected in the Annotation, 98 ALR2d 1105, 1110-1113 (1964). We believe the limits of recovery in the case at bar to be analogous to the limits in wrongful-death cases.

In the present case, moreover, the increase in the amount of damages recoverable was not the important substantive change in the statute. The purpose of the amendment was to change the basis of recovery from strict liability to liability based on negligence. The increase in the limits of recovery was an incidental change.

In the absence of some logical reason for a distinction, there is no basis for an inference that the Assembly intended to draw a distinction between actions filed by a certain date and actions accrued but

not filed by that date. Counsel have suggested no basis for a distinction and we have found none. Accordingly, we believe that the presumption against retroactive legislation should prevail. :

> "* * * Retrospective operation is not favored * * *, and a law will not be construed as retroactive unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application. The rule is the converse of the general principle that statutes are to operate prospectively and is founded on judicial premonition that retroactive laws are characterized by want of notice and lack of knowledge of past conditions and that such laws disturb feelings of security in past transactions * * *." (Citations omitted.) 2 Sutherland, Statutory Construction § 2201, at 115 (3d ed 1943).

██ The plaintiff relies upon *Spicer v. Benefit Ass'n of Ry. Emp.*, 142 Or 574, 17 P2d 1107, 21 P2d 187, 90 ALR 517 (1933), for the proposition that Section 3 of the amending act was intended to make the act retroactive in this case. The *Spicer* case involved a new statute allowing attorney fees on appeal. We held that in actions filed after the effective date of the statute attorney fees would be allowed on appeal. In so holding, we said that the statute in the *Spicer* case was intended to apply "to all existing rights except those only which had already become the subject-matter of suits or actions." 142 Or at 593. However, the statute involved in that case was a procedural statute, while the present statute makes important changes in substantive rights. Procedural statutes are presumed to apply to all actions accrued or pending. 2 Sutherland, Statutory Construction § 2212 (3d ed 1943). Without the statutory language quoted in the *Spicer* case, the statute in that case would have

applied to all rights accrued whether in litigation or yet to be litigated. In the present case, with a substantive statute before us, the rules of construction require the converse of the rule used in the *Spicer* case. A substantive statute is presumed not to be retroactive, and such a statute will not be applied retroactively unless the language of the statute absolutely requires such application. The *Spicer* case, accordingly, must be considered as limited to procedural statutes.

We conclude that the plaintiff should have been required to plead under the old statute. She proved her injury and the liability of the county, but her prayer for damages in each of her two causes of action should have been limited to $2,000.

Reversed and remanded with instructions to enter judgment for a total of $4,000.