Argued and submitted June 30, reversed and
remanded to trial court August 11, 1981

WHIPPLE,
*Plaintiff,*
*v.*
HOWSER et al,
*Defendants.*

HOWSER et al,
*Petitioners,*
*v.*
BEHRENDT,
*Respondent.*

(NO. 80-0708-J-3, CA 18103, SC 27737)

632 P2d 782

William E. Duhaime, Medford, argued the cause for petitioners.

John W. Eads, Jr., Medford, argued the cause for respondent. With him on the brief was Frohnmayer, Deatherage, deSchweinitz & Eads, Medford.

Linda J. Rudnick and Clayton C. Patrick, Oregon Trial Lawyers Association, Salem, filed a brief amicus curiae.

TONGUE, J.

Linde, J., filed a concurring opinion.

Tanzer, J., filed a dissenting opinion in which Peterson, J., joined.

## TONGUE, J.

This is a civil action for damages arising from a two-car accident. Plaintiff was a passenger in one of the cars and named as defendants the owner and driver of the other car. Those defendants filed a third party complaint naming as a third party defendant the driver of the car in which plaintiff was a passenger and alleging that any injuries suffered by plaintiff were the result of negligence by the driver of the car in which she was a passenger and, therefore, if a judgment were returned against them they were entitled to contribution from third party defendant.[1]

The trial court allowed a motion to strike that third party complaint upon the ground that at the time this accident occurred in 1978, Oregon's Guest Passenger Act, ORS 30.115,[2] required an allegation of gross negligence or intoxication, rather than ordinary negligence, for recovery

---

[1] More specifically, the facts of this case are set forth by the Court of Appeals as follows:

"On October 21, 1978, plaintiff was a passenger in a vehicle driven by Monique Behrendt which was involved in a collision with a vehicle owned by one defendant and operated by the other. On February 27, 1980, plaintiff filed an action seeking damages from defendants for personal injuries she allegedly suffered due to their negligence. On April 7, 1980, defendants filed an answer to plaintiff's complaint and, pursuant to ORCP 22C, a third party action against Monique Behrendt. As third party plaintiffs, they alleged that third party defendant Behrendt's negligence proximately contributed to and caused plaintiff's injuries. They further alleged that if a judgment was returned against them, they were entitled to contribution from third party defendant.

"Pursuant to ORCP 21A, third party defendant moved to dismiss that complaint. Specifically, she argued that at the time of the accident, ORS 30.115 barred any recovery by plaintiff and, therefore, third party plaintiffs, absent either an allegation in the third party complaint of her gross negligence or that plaintiff was a 'paying' passenger in her vehicle at the time of the accident. Since the third party plaintiffs' complaint contained neither allegation, third party defendant argued that it failed to state a cause of action."

[2] At the time of the accident upon which plaintiff based her action in this case, ORS 30.115 provided, in pertinent part:

"No person transported by the owner or operator of a motor vehicle, an aircraft, a watercraft, or other means of conveyance, as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. * * *."

in actions by passengers against owners or operators of motor vehicles and that the repeal of that Act by the Oregon legislature in 1979 with regard to motor vehicles[3] was not intended to apply retroactively to actions which had "accrued" at the time the repeal became effective, but which were "commenced" after the effective date of that Act. The Court of Appeals affirmed the trial court. 51 Or App 85, 624 P2d 648 (1981). We allowed the petition for review because of the importance of the question whether retroactive effect must be given to the repeal of the Guest Passenger Act with respect to motor vehicles which had "accrued" before the effective date of that repeal, but had not been "commenced" until after the effective date of that repeal, and the apparent confusion among trial courts in deciding that question.

Or Laws 1979, ch 866, which repealed the Guest Passenger Act as it applied to motor vehicles, includes the following "savings clause."

"Section 8. This Act does not apply to an action or other proceeding *commenced* before the effective date of this Act." (Emphasis added)

In allowing the motion to strike defendants' third party complaint, the trial court relied upon the decision by this court in *Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969), in ruling that the repeal was not retroactive as to actions which had been "commenced" after the effective date of that repeal, if such actions had "accrued" prior to that date. The Court of Appeals, by a 7-3 decision, affirmed. The majority of that court also based its decision upon *Smith v. Clackamas County, supra,* believing it to be controlling. 51 Or App at 90.

In *Smith* this court was called upon to interpret a "savings clause" essentially the same as in this case and held that the statute in question in that case was not to be

---

[3] As amended by Or Laws 1979, ch 866, § 7, ORS 30.115 presently provides:

"No person transported by the owner or operator of an aircraft or a watercraft as his guest without payment for such transportation, shall have a cause of action for damages against the owner or operator for injury, death or loss, in case of accident, unless the accident was intentional on the part of the owner or operator or caused by his gross negligence or intoxication. * * *.

"* * * * *"

applied retroactively to actions which had "accrued," but had not yet been "commenced" at the effective date of that statute. In reaching that conclusion the court relied primarily upon a "rule" of statutory construction to the effect that when an amendment is made to a "substantive" statute, as was the case in *Smith,* as opposed to a "procedural" statute change, the statute "is presumed not to be retroactive, and such a statute will not be applied retroactively unless the language of the statute absolutely requires such application." 252 Or at 235. The majority opinion by the Court of Appeals also applied this "substantive-procedural" distinction, which it referred to as a "rule of statutory construction," in reaching the same result as in *Smith.* 51 Or App at 90.

Three Court of Appeals judges dissented, contending that the "overriding consideration" in determining whether a statute should be applied retroactively is the intent of the legislature and that the language of the "savings clause" in the present case expressed an intent to apply the statute retroactively to actions which had been "commenced" after the effective date of the Act, regardless of when such actions had "accrued." They further questioned the validity of the decision in *Smith.* 51 Or App at 90 to 96.

■ In deciding the question presented for decision in this case, it must first be kept in mind that when construing any statutory provision the duty of this court is to "discern and declare the intent of the legislature." *Fifth Ave. Corp. v. Washington County,* 282 Or 591, 596, 581 P2d 50 (1978); *See also* ORS 174.020.

The starting point in every case involving a determination of legislative intent is the language of the statute itself. *Greyhound Corp. v. Mt. Hood Stages, Inc.,* 437 US 322, 330 (1978). This need to look first to the language of the statute has been frequently recognized by this court. In *Swift & Co. and Armour & Co. v. Peterson,* 192 Or 97, 233 P2d 216 (1951), we said (at 108):

> "The cardinal rule for the construction of a statute is to ascertain from the language thereof the intent of the lawmakers as to what purpose was to be served, or what object was designed to be attained."

*Accord, State of Oregon v. Buck,* 200 Or 87, 92, 262 P2d 495 (1953).

More specifically, in *State ex rel Cox v. Wilson,* 277 Or 747, 562 P2d 172 (1977), we held (at 750) that:

" 'There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes.' " Quoting *United States v. American Ass'ns,* 310 US 534, 542-44, 60 S Ct 1059, 84 LEd 1345 (1940).

As also held in *Lane County v. Heintz Const. Co. et al,* 228 Or 152, 157, 364 P2d 627 (1960), quoting with approval from *Barrett v. Union Bridge Co.,* 117 Or 566, 570, 245 P 308, 45 ALR 527 (1926):

"Section 715, Or. L. [now ORS 174.010], directs that the courts in the construction of statutes, are 'simply to ascertain and declare what is in terms or in substance contained therein, *not to insert what has been omitted, nor to omit what has been inserted.'* We ought never to import into a statute words which are not to be found there, unless from a careful consideration of the entire statute it be ascertained that to import such words is necessary to give effect to the obvious and plain intention and meaning of the legislature. Under the directions of the statute last referred to, *we are not at liberty to give effect to any supposed intention or meaning in the legislature, unless the words to be imported into the statute are, in substance at least, contained in it."* (Emphasis added)

Barring constitutional limitations, the legislature may impose any special conditions it desires upon its enactments. Moreover, this court has recently held that, with the exception of ex post facto laws,[4] there is no constitutional bar to the legislature providing that its laws be applied retroactively. *See Hall v. Northwest Outward Bound School,* 280 Or 655, 572 P2d 1007 (1977). Thus, in determining whether to give retroactive effect to a legislative provision, it is not the proper function of this court to make its own policy judgments, but its duty instead is to attempt to "discern and declare" the intent of the legislature.

This duty of the court to "discern and declare" the intention of the legislature has also been recognized by this

---

[4] *See* Oregon Constitution, Art. I, § 21.

court in the retroactive application of statutes on a number of occasions.

Again, in *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972), we held (at 552) that:

> "[I]t is the legislature's intent that governs. Legal rules relating to retroactive and prospective application of statutes are merely rules of construction by which the court attempts to ascertain *the probable legislative intent."* (Emphasis added)

To the same effect, *see Hemstreet v. Warlick,* 281 Or 579, 586 n. 3, 576 P2d 1 (1978); *Spicer v. Benefit Ass'n of Ry. Emp.,* 142 Or 574, 593, 17 P2d 1107, 21 P2d 187 (1933). *See also Mahana v. Miller,* 281 Or 77, 80-81, 573 P2d 1238 (1978).

■    Sometimes, however, it is impossible to "discern" the intent of the legislature regarding retroactivity or other matters from the language of the statute itself. For that reason, a number of "rules" or "maxims" of statutory construction have been developed to aid the courts in such cases in determining probable legislative intent as to whether a statute should be applied retroactively. We have held, however, that such "rules" or "maxims" of statutory construction are not to be resorted to if the language of the statute itself expresses the intent of the legislature. *See State ex rel Appling v. Chase,* 224 Or 112, 116, 355 P2d 631 (1960); *Curly's Dairy, Inc. v. State Dept. of Agriculture,* 244 Or 15, 20, 415 P2d 740 (1966). *See also Roy L. Houck & Sons v. Tax Com.,* 229 Or 21, 30-31, 366 P2d 166 (1961).

The reason for not resorting to such "rules" or "maxims" of statutory construction when the statute's language itself shows legislative intent is that such "rules" or "maxims" are not intended to be devices by which this court may substitute its own judgment for that of the legislature when its intent is not clearly expressed by the terms of a statute, but rather are meant to be "aids" by which the court may perform its duty to "discern and declare" the intention of the legislature when the language of a statute does not clearly express it. As also stated in *Perkins v. Willamette Industries,* 273 Or 566, 570-71, 542 P2d 473 (1975):

> "Essentially, determining whether a particular statute was meant to apply prospectively or retrospectively is a matter of ascertaining the intent of the legislature. In the absence of an explicit indication of that intent, it is our duty to determine the legislature's probable intent. *Although it is sometimes said that remedial and procedural statutes are normally applied retroactively* (citing cases) *that rule is merely a rule of construction. Like other rules of construction, it is not conclusive but only a guide to proper interpretation of the statute.*" (Emphasis added)

To the same effect, *see Joseph v. Lowery, supra,* at 552. Thus, there is no need to resort to the less precise method of attempting to ascertain legislative intent by the application of "rules" or "maxims" of statutory construction when the language of the statute itself reveals the intent of the legislature.

Indeed, it has been said of "rules" or "maxims" of statutory construction that:

> "Each of these common sense approaches fits some cases but not others, each has 'exceptions' and opposite-and-equal counterparts, and each causes more harm than it is worth if it is not cheerfully ignored whenever it is an obstacle to understanding what the legislature enacted.
>
> "References to 'rules,' 'maxims' or 'aids' to statutory construction might pass as merely a difference in the style of opinions, which is a personal matter, if it were not for the risk that they will be mistaken by courts and counsel as directives for how to argue and decide statutory questions. Experience shows that such statements in prior opinions interpreting one particular statute are quoted back to us, and presumably to the trial courts and the Court of Appeals, as authority for interpreting another statute by applying the stated rules or maxims. If these seemingly authoritative statements of juristic method do not actually govern decisions on statutory interpretation, as in fact they do not, a party's reliance on them is not only a waste of time but may divert counsel and courts from a more fruitful line of inquiry into the particular legislation at issue." *Davis v. Wasco IED,* 286 Or 261, 274-75, 593 P2d 1152 (1979) (Linde, J., concurring).

To the same effect, *see* Denecke, *Prologue,* 16 Willamette Law Review 183, 187 (1979); Llewellyn, *Remarks on the Theory of Appellate Decision and the Rules or Canons*

*About How Statutes are to be Construed,* 3 V and L Rev 394, 401-06 (1950).

In this case both parties have cited "rules" or "maxims" of statutory construction which arguably support their respective contentions whether the present statute should or should not have a retroactive effect upon actions which were "commenced" after the effective date of the act repealing the Oregon Guest Passenger Act in its application to motor vehicles, but which have "accrued" prior to that date. Indeed, these conflicting contentions only reinforce the above-stated and well-established principle that the duty of this court is to "discern and declare" the intention of the legislature; that in the performance of that duty the court must look first to the language of the statute and if that language expresses the probable legislative intent, this court need not resort to "rules" or "maxims" of statutory construction. Again, *see Perkins v. Willamette Industries, supra,* at 570-71, and *Joseph v. Lowery, supra,* at 552.

The repeal of the Guest Passenger Act with regard to motor vehicles was passed as part of Or Laws 1979, ch 866 (formerly Senate Bill 422).[5] As previously stated, that statute includes the following "savings clause":

"Section 8. This Act does not apply to an action or other proceeding *commenced* before the effective date of this Act." (Emphasis added)

This "savings clause" expressly states that the new law is not to apply to actions "commenced" before the Act's effective date (October 3, 1979). Obviously, before an action could be "commenced" before that date the action must have "accrued" before that date. The express language of the "savings clause" is silent, however, with regard to the question that must be resolved in this case: whether the Act was intended to have retroactive effect to actions "accrued," *but not* "commenced," before the effective date of the Act.

---

[5] Senate Bill 422 was actually a products liability bill to which the repeal of the Guest Passenger Act was attached after a separate guest passenger bill (HB 2306), which had passed the House, died in Senate committee. The original House bill had a savings clause which would have applied the Act only to "causes of actions, claims, rights or liabilities occuring" after October 3, 1979. The "savings clause" that was eventually enacted was part of the original products liability bill prior to the amendment adding on the guest passenger repeal. Neither this court nor the parties in this case have been able to find any legislative history that might help explain the legislative intent behind the present "savings clause."

This court has twice previously interpreted statutes with similar "savings clause" provisions. In *Spicer v. Benefit Assn. of Ry. Emp., supra,* the "savings clause" read:

> "The terms of this act shall not apply to any suit or action *started or begun* prior to the passage of this act." (Emphasis added)

In construing that "savings clause" this court held that the statute was intended to apply retroactively to actions "accrued," but not "commenced." In reaching that result this court did not rely upon "rules of statutory construction," but held (at 593):

> "* * * the paramount purpose of all rules of statutory construction is not to achieve some preconceived arbitrary objective, but to give effect to the legislative purpose. In the present instance the 1931 amendment indicates that the legislature itself considered and determined the manner in which the new law should be applied. The act provides: 'The terms of this act shall not apply to any suit or action started or begun prior to the passage of this act.' Thus, it is evident that the legislature intended that the act should be applied to all existing rights except those only which had already become the subject-matter of suits or actions."

Again, in *Smith v. Clackamas County, supra,* the court interpreted a "savings clause" similar to that in this case, which read:

> "This Act shall not affect any action, suit or proceeding commenced prior to and pending on the effective date of this Act."

In that case, however, the court held that the statute was not to be applied retroactively, even though the court recognized that the wording of that "savings clause" "tends to imply a legislative intent to exclude related matters not mentioned." 252 Or at 233. The court nevertheless concluded that it could not find a "logical reason" for distinguishing between actions "accrued," but not "commenced," and stated that "in the absence of some logical reason for a distinction, there is no basis for an inference that the Assembly intended to draw a distinction between actions filed by a certain date and actions accrued but not filed by that date." 252 Or at 233-34.

The court then attempted to distinguish *Spicer, supra,* by saying (at 234-35) that *Spicer* was premised upon the rule of statutory construction that statutes involving procedural changes, such as the statute in *Spicer,* are to be applied prospectively, while statutes involving substantive changes, such as in *Smith,* are presumed not to be applied retroactively "unless the language of the statute absolutely requires such application."

More recently, however, this court in *Joseph v. Lowery, supra,* again discussed its previous decision in *Spicer,* and its interpretation of that decision was different from that attempted in *Smith.* Thus, in *Lowery,* this court examined the "savings clause" interpreted in *Spicer* and held as follows (at 552-53):

"That case applied a statute retroactively which permitted an award of attorney fees in the Supreme Court in a successful action against an insurance company on its policy. *The intent of the legislature was clear that the statute should be applied to all existing rights, exepting only those which were already the subject matter of a suit or action when the statute became effective,* because the act provided that its terms should 'not apply to any suit or action started or begun prior to the effective date of this act.' The case's decision on retroactivity, therefore, is not inconsistent with the non-retroactive application of the statute presently under consideration, although for limited purposes, *Spicer* treated attorney fees as costs and, therefore, as remedial in nature." (Emphasis added)

*See also Perkins v. Willamette Industries, supra,* at 570-71, as previously quoted.

We agree with *Lowery* that a reading of *Spicer* reveals that in holding that the statute in question was to be applied retroactively, the court was relying not on the "procedural-substantive" "rule" or "maxim" of statutory construction as contended by *Smith,* but upon what it believed to be a clear statement of legislative intent in the language of the "savings clause."

In addressing the "savings clause" now before us, we adhere to the reasoning as set forth in *Spicer,* and as affirmed in *Lowery,* to the effect that the language of this "savings clause" is a clear statement of an intent by the legislature to apply the statute retroactively to actions

which had been "commenced" after the effective date of the Act, regardless of when such actions had "accrued." Although the statute may not expressly state such an intent, we believe that such an intent is the logical inference to be drawn from the language of the statute. Inclusion of the "savings clause" demonstrates that the legislature was concerned with the effect of applying the law retroactively. By specifically stating and emphasizing that the statute shall not apply to actions "commenced" before the effective date of the statute, the most reasonable assumption is that the legislature believed that the statute would apply to actions "commenced" after the effective date of that statute, regardless of when such actions had "accrued." Further, a contrary interpretation would render the "savings clause" in this particular statute generally meaningless, because if the legislature had intended that the statute not be applied retroactively to actions "accrued" *but not* "commenced," it would go without saying that the statute would not be applied retroactively to actions "accrued" *and* "commenced."

Had the legislature intended that the Act also apply to actions or proceedings which had "accrued" before the effective date of that Act, as well as those "commenced" prior to that date, it would have been a simple matter to add the word "accrued," so as to read:

"This Act does not apply to an action or other proceeding which *accrued or commenced* before the effective date of this Act."

The fact that the legislature did not do so is strong evidence, in our opinion, that the legislature intended to apply the repeal of the Guest Passenger Act in its application to motor vehicles to actions "commenced" after the effective date of the Act, but which "accrued" prior to that date. As previously stated, we must bear·in mind that the legislature itself has provided by the terms of ORS 174.010 that the duty of the court is "simply to ascertain and declare what is, in terms or in substance, contained therein, *not to insert what has been omitted, or to omit what has been inserted; * * *.*" (Emphasis added).

Such a result may appear to some to be an unreasonable result. The same may be said, however, of

distinctions imposed by the application of many statutes, such as those imposed by the various statutes of limitations. *See* ORS 12.010 et seq. Again, however, the duty of this court is to "discern and declare" the intention of the legislature, rather than to impose upon the parties to this case its own policy judgment in an effort to arrive at a result which may appear to the court to be a more "reasonable" result.

In holding as we do, we do not abandon the "rules" or "maxims" of statutory construction that have been developed for application in cases in which the court cannot otherwise "discern and declare" the intention of the legislature and in which such "rules" or "maxims" may be of aid to the court in determining the probable intent of the legislature. We hold, however, that when, as in this case, the language of a statute is sufficiently clear so as to reveal the legislature's intent, it is both unnecessary and improper to resort to such "rules" or "maxims" of statutory construction. Therefore, to the extent that *Smith v. Clackamas County, supra,* is inconsistent with our holding in this case that decision is overruled.[6]

---

[6] With respect to the dissenting opinion, we would simply note that:

1. The dissent relies primarily upon *Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969), which held that a similar "savings clause" was not to be applied retroactively under a "substantive" statute.

2. We do not agree with the reasoning of *Smith* in reaching that result, however, because:

   a. *Smith* would make the "substantive-procedural" distinction controlling (1) unless there is "some logical reason" for retroactive application of a "substantive" statute, and (2) "unless the language of the statute *absolutely* requires (retroactive) application." (252 Or at 233-35).

   b. Although this court has not abandoned the substantive-procedural distinction for application to statutes in which the legislative intent is *not* expressed, we subsequently held that this distinction is "merely a rule of statutory construction" and one which is "not conclusive," but "only a guide" to proper interpretation of statutes, and that such "rules" or "guides" are only to be applied in the interpretation of statutes in which the legislative intention has not been expressed. *See Perkins v. Willamette Industries,* 273 Or 566, 570, 542 P2d 473 (1975), and other cases cited in the opinion.

   c. Other "rules" or "maxims" of statutory interpretation do not (1) require the court to apply a "logical reason" test, which introduces a new element of uncertainty and one depending upon the subjective value judgment of the particular court, or (2) forbid retroactive application of a statute "unless the language of the statute *absolutely* requires such application."

For these reasons, the decisions of the Court of Appeals and trial court are reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

**LINDE, J.,** concurring.

The question of the so-called "retroactive" or "retrospective" effect of a new law is not, or should not be, a question of adjudication. Its answer is not to be sought in judicial precedents. "Retroactivity" is in the first instance a question of legislative draftsmanship. When it becomes a problem, the problem is a failure of drafting, probably reflecting in turn a failure to give adequate attention to the policy choices involved. Then a court must solve the problem in one of three ways: (1) by invoking a generalized policy preference, sometimes labeled a "presumption," that must be overcome by specific legislative language; (2) by choosing its own preferred policy for the issue before it; or (3) by constructing some inference from the statutory text and legislative history, whether or not the court agrees with the policy. The first of these has ancient and respectable antecedents, *see* Smead, *The Rule Against Retroactive Legislation: A Basic Principle of Jurisprudence,* 20 Minn L Rev 775 (1936), and is defended by the dissent in the present case. The Court in this case follows the third approach, and I concur.

"Retroactivity" itself is a deceptively simple word for a complex set of problems. In real time, all laws can operate only prospectively, prescribing legal consequences after their enactment; they cannot change the past. On the

---

3. This is not a case in which the statute involved includes no expression of legislative intent. The "savings clause" in this statute not only shows that the legislature was concerned with the question of its retroactive application, but expressly states that it will not apply to actions "commenced" before its effective date. For reasons stated in this opinion and as also previously stated by this court in *Spicer v. Benefit Ass'n of Ry. Emp.,* 142 Or 574, 593, 17 P2d 1107, 21 P2d 187 (1933), we believe that these words sufficiently demonstrate a legislative intent that the retroactive application of this statute was to be barred only with respect to actions "commenced" prior to its effective date, and not to actions which "accrued" prior to that date.

other hand, all new laws operate upon a state of affairs formed to some extent by past events. As one student of the subject wrote long ago:

"There is no such thing as a law that does not extinguish rights, powers, privileges, or immunities acquired under previously existing laws. That is what laws are for. On the other hand, no law can be retrospective in the sense that it recalls the past, or either regulates or prevents that which has already happened. . .

"[A] law gives to an event which has already transpired a juristic significance it did not have at the time it occurred; but it does so only in order that it may thereby regulate future conduct. [Limitations on retroactivity] differ in effect only in the extent to which they regulate the future, or, what amounts to the same thing, the significance they attach retrospectively to the past event."

Smith, *Retroactive Laws and Vested Rights,* 5 Texas L Rev 231, 233 (1927).

Responsible attention to the significance to be attached to past events cannot be compressed into some simple formula to serve legislation of all kinds. Too many different past events and too many potential legal consequences are relevant for different kinds of laws. The variety and sequence of relevant past events will be different in property law, in inheritance law, in commercial transactions, in taxation or public regulation, and in tort law, and so will the policy choices as to changing or preserving the preenactment legal effects of these past events.[1] A formula relating to "actions commenced," as in this case, for example, is inappropriate to a change in a field of law not primarily concerned with litigation, but other rules drawn with knowledgeable attention to the critical events characteristic of that field should be included.

Here the clause at issue provided that the act "does not apply to an action or other proceeding commenced before the effective date of this Act." Or Laws 1979, ch 866, § 8. The first thing wrong with this formulation, as the debate between the majority and the dissent shows, is that

---

[1] *See, e.g., McCool v. Smith,* 66 US 459, 17 L Ed 218 (1861) (change in eligibility to heirship), *Untermyer v. Anderson,* 276 US 440, 48 S Ct 353, 72 L Ed 645 (1928), *Blodgett v. Holder,* 275 US 142, 48 S Ct 105, 72 L Ed 206 (1928) (retroactive gift taxes).

it is stated in the negative. The clause states to what the new act does not apply. It does not state to what the act does apply, or that it applies to all other actions. An affirmative statement, or statements both of inclusion and exclusion, are more apt to surface the policy choices for attention in the process of enactment. The affirmative formulation used in abolishing the defense of assumption of risk, for instance, left nothing to be litigated except an unsuccessful constitutional attack. *Hall v. Northwest Outward Bound School,* 280 Or 655, 572 P2d 1007 (1977).

Moreover, the formula here was chosen for a bill relating to one subject, tort liability for injury from defective products, and covers the different subject to automobile injury claims only because repeal of the automobile guest passenger law was attached to that bill by amendment. Examined separately, the policies regarding application of these statutes to preenactment injuries might not be the same. Neither the criteria of liability and the significance of the changes nor the situations of the affected parties are identical. Nevertheless, the legislature might choose the same formula to govern the application of each enactment. That is in fact what it did, with or without deliberation.

It is not implausible that the lawmakers thought the changes in products liability law too slight or the time of other critical events for defining the application of the changed law too remote to choose another effective time than the commencement of actions. I cannot disagree with the majority's inference that, in the products liability bill, the negative clause excluding actions "commenced before the effective date of the Act" was meant to imply that the act would govern all actions commenced after its effective date. The addition of the guest passenger provision then brought that provision under the same formula.

In my view, however, the present decision cannot be taken to mean that hereafter the same clause will always be held to have this effect rather than the contrary effect it was given in *Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969). The important point is that inexplicit clauses like the one used here do not become words of art by judicial interpretation, to be inserted into

bills as unexamined "boilerplate" because they have been used and fought over before. In this respect I disagree with the dissent's invitation to drafters to rely on *stare decisis* in repeating phrases that have been troublesome enough to require judicial interpretation. To the contrary, the very fact that a phrase requires two levels of appeals to interpret should not reward it with an additional patina of having become "settled"; it should be reexamined and the desired policy spelled out in the context of future uses. The context of the particular legislation before us, Or Laws 1979, ch 866, has led the Court to conclude that the repeal of the automobile guest passenger law applies to preenactment injuries. On the record of this legislation, I concur in that conclusion.

**TANZER, J.,** dissenting.

The principles embodied in our prior cases dictate a contrary result. I would abide by that authority. Particularly, I see no reason to overrule *Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969).

The legislature has the power to determine the effective date of legislation such as the statute in this case. *Hall v. Northwest Outward Bound School,* 280 Or 655, 572 P2d 1007 (1977). Where the legislature does not express its intention, this court has consistently given effect to newly enacted statutes according to a well established principle of construction which can be expressed in two parts: first, substantive statutes will not be applied to determine rights and liabilities in causes of action based upon events which occurred prior to the enactment of the statute, *Perkins v. Willamette Industries,* 273 Or 566, 542 P2d 473 (1975) (repeal of fellow worker rule); *Kempf v. Carpenters and Joiners Union,* 229 Or 337, 367 P2d 436 (1961) (in labor dispute, repeal of federal preemptive jurisdictional statute); *Cole v. Zidell Explorations, Inc.,* 275 Or 317, 550 P2d 1194 (1976) (repeal of fellow worker rule); *Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972) (repeal of contributory negligence, enactment of comparative negligence); *Wiebe v. Seely, Administrator,* 215 Or 331, 335 P2d 379 (1959) (increase in wrongful death recovery limitation); second, procedural or remedial statutes will be applied in actions

commenced after the effective date of the statute even though the cause of action accrued prior to the effective date, *Spicer v. Benefit Ass'n of Ry. Emp.*, 142 Or 574, 17 P2d 1107, 21 P2d 187 (1933) (attorney's fees on appeal deemed procedural); *Mahana v. Miller*, 281 Or 77, 573 P2d 1238 (1978) (repeal of regulatory bar on capacity to sue).

We have recognized that the substantive/procedural distinction is not precise, but is nevertheless useful as a shorthand expression of principles which are consistently followed in our caselaw. We elaborated on the shorthand in *Joseph v. Lowery, supra.* By use of the term "substantive statute," we explained, we refer to "a new statute [which] affected legal rights and obligations arising out of past actions." 261 Or at 549. The reason for the rule is that

> "If applied retroactively, the statute could create a duty to pay which did not exist at the time the damage was inflicted." 261 Or at 549.

We recognized the underlying reason for the principle to be that people should be able to plan their affairs with knowledge of their responsibilities under law:

> "Certainly, no one has an accident upon the faith of the then existing law. However, it would come as a shock to someone who has estimated his probable liability arising from a past accident, and who has planned his affairs accordingly, to find that his responsiblity therefor is not to be determined as of the happening of the accident but is also dependent upon what the legislature *might* subsequently do. Every day it is necessary in the conduct of the affairs of individuals and of businesses to make a closely calculated estimate of the respon-sibility or lack thereof resulting from an accident or from other unforeseen and unplanned circumstances and to act in reliance on such estimate. We believe there is merit in the prior view of this court, as demonstrated by its decisions, that, in the absence of an indication to the contrary, legislative acts should not be construed in a manner which changes legal rights and responsibilities arising out of transactions which occur prior to the passage of such acts." 261 Or at 551-552 (Original emphasis.)[1]

---

[1] The majority opinion incorrectly states that *Joseph v. Lowery*, 261 Or 545, 495 P2d 273 (1972), eliminated the substantive/procedural distinction embodied in its distinguishing of *Spicer v. Benefit Ass'n of Ry. Emp.*, 142 Or 574, 17 P2d 1107, 21 P2d 187 (1933). That opinion merely observes that the rules for both

We have consistently presumed that the legislature, in enacting new legislation, has acted in accord with with the policy expressed in the cases cited above, unless the legislature has expressed an intention contrary to the rule of construction. We have stated this idea in various ways. In *Kempf v. Carpenters and Joiners Union, supra,* we said:

> "It is a general rule that statutes will be construed to operate prospectively *unless an intent to the contrary clearly appears.*" (Emphasis added.) 229 Or at 341.

Similarly, in *Smith v. Clackamas County, supra,* we said:

> "* * * A substantive statute is presumed not to be retroactive, and such a statute will not be applied retroactively *unless the language of the statute absolutely requires such application.*" (Emphasis added.) 252 Or at 235.

The statute in this case, in repealing the requirement of gross negligence for liability to a guest passenger, is clearly within that class of statutes which, in the words of *Joseph v. Lowery, supra,* "affects legal rights and obligations arising out of past actions" which, "if applied retroactively, * * * could create a duty to pay which did not exist at the time the damage was inflicted." Insurance rates have been determined before accidents such as this and drivers have planned their affairs after such accidents in reliance upon the statute which regulated liability prior to enactment of the new statute. The statute falls into no grey area of definitional imprecision; it is clearly a substantive statute as we have always used that term. Therefore, if we are to follow our precedents, the dispositive issue in this case is whether the legislature has "clearly" or "absolutely" expressed an intention that the statute be applied in the judicial determination of legal rights and obligations arising out of past actions.

The statute in this case is not entirely silent as to the scope of its effective date. It is specific about filed claims, but silent as to accrued but non-filed claims:

---

substantive and procedural statutes repeated in *Smith* and *Spicer* are rules for determining legislative intent. *Joseph v. Lowery* clearly reaffirms the rules of construction and the substantive/procedural distinction which inheres in those rules. It certainly does not abandon the distinction.

"This Act does not apply to an action or other proceeding commenced before the effective date of this Act." Or Laws 1979, ch 866, § 8.[2]

We have hitherto decided at least two other cases in which a substantive statute was not silent as to the scope of its effective date. It is instructive to compare this statutory provision with those. In *Hall v. Northwest Outward Bound School, supra,* the statute specified an effective date and provided that

"This Act governs all actions tried subsequent to its effective date." Or Laws 1975, ch 599, § 6.

We upheld the retroactive effect of the statute because it was by its affirmative terms "expressly applicable" to subsequent trials of pre-existing actions. 280 Or at 661. *See also Lommasson v. School Dist. No. 1.,* 201 Or 71, 100-101, 261 P2d 860, 267 P2d 1105 (1954).

The effective date provision considered in *Smith v. Clackamas County, supra,* in contrast, was phrased in the negative. It was not an affirmative statement of applicability. It specified one situation in which the statute was not to apply. By that negative statement, it did not exclude the possibility that the statute was also inapplicable in other unspecified situations. The statute provided:

"This Act shall not affect any action, suit or proceeding commenced prior to and pending on the effective date of this Act." Or Laws 1965, ch 500, § 3.

The court inferred legislative intent to be that the statute, being substantive, was not intended to apply to causes of action which accrued prior to the effective date of the statute even though that was not a situation specifically mentioned in the statute. The court reasoned:

"In the absence of some logical reason for a distinction, there is no basis for an inference that the Assembly intended to draw a distinction between actions filed by a certain date and actions accrued but not filed by that date. Counsel have suggested no basis for a distinction and we have

---

[2] The majority refers to this provision as a "savings clause." I have not found the term used in our prior cases and there is no attribution specified for the quotation marks. The phrase does not, in my opinion, accurately describe the provision. The statute merely excludes certain cases from its effective date. It purports to save nothing.

found none. Accordingly, we believe that the presumption against retroactive legislation should prevail.

" '* * * Retrospective operation is not favored * * *, and a law will not be construed as retroactive unless the act clearly, by express language or necessary implication, indicates that the legislature intended a retroactive application. The rule is the converse of the general principle that statutes are to operate prospectively and is founded on judicial premonition that retroactive laws are characterized by want of notice and lack of knowledge of past conditions and that such laws disturb feelings of security in past transactions * * *.' (Citations omitted.) 2 Sutherland, Statutory Construction § 2201, at 115 (3d ed 1943)." 252 Or at 233-234.

The effective date clause in this case is similar to that in *Smith,* and different from that in *Hall.* It, too, is a negative pregnant—it excludes filed claims, but says nothing of other accrued claims. There is no legislative expression, let alone a "clear" or "absolute" expression, of an intention which is inconsistent with the well established general rule that substantive statutes are not applicable to claims accrued prior to the effective date of the statute.

Moreover, there is no reason of policy to be found anywhere in the legislative history which suggests a legislative intention contrary to the general rule of construction consistently relied upon in our cases. The history of Senate Bill 422, recounted in the majority opinion at note 5, tells us that the effective date clause was part of a products liability bill. An act repealing the guest passenger statute which was expressly not applicable to claims "occurring" before the act's effective date, was passed by the House, but died in Senate committee. The substantive part of the act was then revived in committee by insertion into the products liability bill. Thus an effective date exclusion clause drafted for the products liability became applicable to the guest passenger statute repeal. The history suggests that the applicability of section 8 to the guest passenger statute repeal was more an incidental product of parliamentary maneuvering than a deliberate legislative determination. Certainly, the legislative history gives no cause whatever to infer that the legislature intended to contravene the rules of interpretation this court has consistently applied.

As in *Smith,* there is no "logical reason" or "basis for an inference that the Assembly intended to draw a distinction between actions filed by a certain date and actions accrued but not filed by that date." Indeed, if the majority is correct, a plaintiff who filed before the effective date need only refile the same claim after the effective date to circumvent the express legislative exclusion of actions commenced before the effective date of the statute. Thus, in reality, the majority opinion would actually defeat the purpose of the exclusion in the effective date clause, whereas application of our traditional rule of law would better fulfill it.

Equally important, the doctrine of *stare decisis* has value in this situation. The draftsmen of the legislature could reasonably have relied on the precedential effect of our decision in *Smith* and concluded therefrom that the language of this provision would have the same effect as that in *Smith* and would not affect pre-existing causes of action. If a legislator asked legislative counsel whether it was necessary to amend the effective date clause in order to exclude accrued claims for relief, counsel, properly relying upon *Smith,* would correctly have advised against amending the statute. *Cf. Brown v. Portland School Dist. #1,* 291 Or 77, 628 P2d 1183 (1981) (dissenting opinion of Peterson, J.). Similarly, it is reasonable to infer that drivers and insurers governed their affairs as if *Smith* were law.

Even if *Smith* is not law, the majority's divination of legislative intent is is not persuasive. It states that if the legislature had meant to exclude accrued claims, it would have said so. That argument, however, is two-edged. It more arguable, particularly in light of the existence of *Smith* as precedent, that if the legislature had intended the new act to apply to accrued claims, it would have said so. I suspect I am guilty of having resorted to that facile argument one way or the other in the past, but it is no more than an easily available makeweight for any interpretation.

It is also interesting to note that the majority correctly eschews reliance upon maxims of statutory construction. It concludes, however, by reasoning that the express exclusion of filed claims implies the non-exclusion of accrued claims. In Latin, that reasoning is expressed as

*inclusio unius est exclusio alterius.* The majority does not convert that idea to a non-maxim simply by stating it in an English paragraph instead of a Latin sentence.

There is no reason to overrule *Smith* except to achieve a result which this court may prefer, but which the legislature gave no evidence of intending. I would adhere to our prior caselaw and construe the statute as we have construed a similar statute in the past. For these reasons I dissent.

Peterson, J., joins in this dissent.