Argued and submitted June 30, reversed and
remanded to trial court August 11, 1981

ENGELLAND,
*Petitioner,*
*v.*
JOHNSTONE et al,
*Respondents.*

(NO. 37439, CA 18670, SC 27792)

632 P2d 795

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the briefs were Brown, Burt, Swanson & Lathen, Salem.

Sam F. Speerstra, Salem, argued the cause for respondents. With him on the brief were Sarah K. Rinehart, Certified Law Student, and Rhoten, Rhoten & Speerstra, Salem.

TONGUE, J.

**TONGUE, J.**

This is one of three cases in which we are asked to decide whether the 1979 Oregon Legislature intended that its repeal of the Guest Passenger Act with regard to motor vehicles be applied retroactively to actions accrued before, but commenced after, October 3, 1979, the effective date of the repeal. It involves a wrongful death action couched in ordinary negligence and arising from an automobile accident which occurred on December 17, 1977. Plaintiff's decedent was a guest passenger in defendant's automobile. The action was commenced on January 18, 1980.

The trial court dismissed plaintiff's complaint because it failed to allege gross negligence on the part of defendant as required by ORS 30.115 at the time the accident occurred. The Court of Appeals affirmed.

The dispositive issue in this case is essentially the same as in *Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981), and our decision in that case is controlling.

The Court of Appeals and trial court decisions are, therefore, reversed, and the case is remanded to the trial court for further proceedings consistent with our opinion in *Whipple.*