Charles BARNES

v.

**COMMISSIONER OF THE DEPART-
MENT OF HUMAN SERVICES.**

Supreme Judicial Court of Maine. ·

Argued Nov. 14, 1989.
Decided Dec. 26, 1989.

Laurie Anne Miller (orally), Ferris, Dearborn & Willey, Brewer, for plaintiff.

Christopher C. Leighton, Deanne L. Staples (orally), Asst. Attys. Gen., Dept. of Human Services, Bangor, for defendant.

Before ROBERTS, WATHEN,
GLASSMAN, CLIFFORD, HORNBY
and COLLINS, JJ.

COLLINS, Justice.

In 1988, Charles Barnes was in arrears on his child support payments when Barnes and his employer settled upon an amount that Barnes would recover on a workers' compensation claim. The Department of Human Services ("the Department") attached a portion of the $65,000 settlement. Subsequently, at a hearing before the Office of Administrative Hearings of the Department of Human Services, a hearing officer approved the Department's attachment under 39 M.R.S.A. § 67 (1989) and 19 M.R.S.A. § 493(6) (1981 & Supp.1989), as each was amended effective in 1986 to permit attachment of workers' compensation benefits to meet child support obligations. The Superior Court (Penobscot County, *Chandler, J.*) affirmed the· hearing officer's decision. Barnes appealed to this Court, arguing that the hearing officer's use of the amended statutes constituted an impermissible retrospective application. We conclude that the application of 39 M.R.S.A. § 67 and 19 M.R.S.A. § 493(6) as amended was not retrospective, and we affirm.

I.

The facts are undisputed. Since December 26, 1980, Barnes has been obligated to pay support in the amount of $30 per week for his daughter from his first marriage. Additionally, since August 10, 1987, Barnes has been obligated to pay child support in the amount of $35 dollars per week per child for each of his two children from his second marriage.

On or about February 11, 1985, during Barnes' second marriage and after all three children were born, Barnes was injured at work. In February, 1988, Barnes and his employer agreed upon the amount of a lump-sum settlement of a workers' compensation claim on which Barnes had been receiving benefits for his work-related injury. The settlement, which was approved by the Workers' compensation Commission, amounted to $65,000.

In February, 1988, the Department served on Barnes' employer an Order to Withhold and Deliver, claiming a child support debt in the amount of $7,019.44. Barnes' employer forwarded the total amount to the Department, and the Department later returned $1,067.97 to Barnes when it determined it had collected too much. Barnes has not and does not dispute the amount for which he is liable for past child support.

Barnes challenged the Department's collection procedure at a hearing before the Office of Administrative Hearings of the Department of Human Services. The hearing officer decided that the Order to Withhold and Deliver had been properly served on Barnes' employer. He concluded that the 1986 changes to 39 M.R.S.A. § 67 and 19 M.R.S.A. § 493(6) that permit attachment of workers' compensation claims were applicable to Barnes' workers' compensation settlement.

Barnes petitioned the Superior Court for review, pursuant to M.R.Civ.P. 80C and 5 M.R.S.A. § 11001, et seq. The Superior Court affirmed the hearing officer's decision, holding that 39 M.R.S.A. § 67 and 19 M.R.S.A. § 493(6) are remedial and that "application of the 1986 statutes to the proceeds of a workers' compensation claim resulting from a 1985 injury is not an impermissible retrospective application."

## II.

On appeal from an administrative decision, our role is "limited to assuring that the [hearing officer's] factual findings are supported by competent evidence, that his decision involved no misconception of applicable law, and that the application of the law to the facts was neither arbitrary nor without rational foundation." Comeau v. Maine Coastal Services, 449 A.2d 362, 368 (Me.1982) (citations omitted). Accordingly, in the case at hand our review is limited to determining whether the hearing officer applied the law properly. We find that he did so.

At the time of Barnes' injury in 1985, the Department had no statutory authority to attach workers' compensation benefits. However, in 1985 the Legislature amended 19 M.R.S.A. § 493(6) and 39 M.R.S.A. § 67 to provide this authority. Both amendments became effective in July, 1986, before Barnes settled his workers' compensation claim with his employer. The Legislature amended 19 M.R.S.A. § 493(6), which had previously made no mention of workers' compensation benefits, to include workers' compensation benefits among the "earnings" that are subject to the remedies set forth in Title 19. 19 M.R.S.A. § 493(6) (1981 & Supp.1989). Further, the Legislature amended 39 M.R.S.A. § 67 to permit attachment of workers' compensation benefits for the limited purpose of "enforcement of a current support obligation or support arrears pursuant to Title 19, Chapter 7, Subchapter V or Title 19, Chapter 14-A." 39 M.R.S.A. § 67 (1989).

We reject Barnes' contention that to allow the Department to avail itself of the provisions of 39 M.R.S.A. § 67 and 19 M.R.S.A. § 493(6), as amended, would constitute an impermissible retrospective application of the two statutes. Our decision in this case to permit the Department to avail itself of the two amended statutes allows the statutes to affect a state of affairs created to some extent by events that occurred prior to the enactment or effective date of the statutes. "This, by itself, however, need not require the application of [the two amended statutes] to be characterized as a retrospective application. All new laws, when applied, are applied to a state of affairs created by past events." Adams v. Buffalo Forge Co., 443 A.2d 932, 943 (Me.1982) (citing Whipple v. Howser, 291 Or. 475, 488, 632 P.2d 782, 790 (1981) (Linde J., concurring)). In Adams, we rec-

ognized that "'retroactivity' itself is 'a deceptively simple word for a complex set of problems.'" *Id.* at 941 (quoting *Whipple,* 291 Or. at 488, 632 P.2d at 790 (Linde, J., concurring)). "The concept embraces legislative draftmanship and intent, policy considerations, rules of judicial presumptions and construction." *Id.* at 942.

Courts must examine the state of affairs which has been determined by past events to consider the character of previously established rights, expectations and prospects which will be displaced. They must, at the same time, consider the manner in which the Legislature intended the enactment to apply with a realization that legislation which readjusts "rights and burdens is not unlawful merely because it upsets otherwise settled expectations. This is true even though the effect of the legislation is to impose a new duty or liability based on past acts."

*Id.* at 943 (quoting *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 16, 96 S.Ct. 2882, 2893, 49 L.Ed.2d 752, 767 (1976) (citations omitted)).

In *Norton v. C.P. Blouin, Inc.,* 511 A.2d 1056 (Me.1986), we stated that the application of a statute "remains prospective if it governs *operative events* that occurred *after* its effective date, even though the entire state of affairs includes events predating the statute's enactment." *Id.* at 1060, n. 5 (emphasis added). We must look to the events the Legislature intended to be significant in the determination of legal consequences under 39 M.R.S.A. § 67 and 19 M.R.S.A. § 493(6). *See Adams,* 443 A.2d at 942.

The 1986 amendment to 19 M.R.S.A. § 493(6) established that "earnings" for purposes of Title 19 included workers' compensation benefits. Barnes' right to benefits—and therefore to "earnings" under the statute—arose in 1985 when he was injured, even though the amount of the benefits remained in dispute until 1988. However, we think it erroneous to describe the point at which Barnes' right to benefits arose as the operative event upon which application of the statutes must hinge. It is the date on which the settlement amount was determined and became payable, not the date of injury, that is dispositive. Without an object of attachment, the Legislature's grant to the Department of a right of attachment is meaningless. The amount of the settlement was not determined until 1988, at which time Barnes was still in arrears with regard to his child support payment. Therefore, the operative events that trigger the statutes occurred in 1988.

### III.

Barnes also contends that the application of the two amended statutes to his workers' compensation settlement violated Article 1, § 10 of the United States Constitution and Article 1, § 11 of the Maine Constitution because this application impaired the contract rights between Barnes and his employer. We find no merit to this argument.

As we stated in *Norton:*

the Workers' Compensation act is no longer elective, and thus coverage under the Act is no longer a matter of contract. A 1973 amendment to the act makes its provisions mandatory for all private employers.... With this development, any claim of impairment of contract rights disappears.

*Norton,* 511 A.2d at 1062 (citing *Bureau of Labor Standards v. Fort Halifax Packing Co.,* 510 A.2d 1054, 1062 (Me.1986)). Put simply, there was no contractual right to be impaired.

The entry is: Judgment affirmed.

All concurring.