In the Matter of the Compensation of
James E. Tennant, Claimant.

James E. TENNANT,
*Petitioner,*

*v.*

LYMAN SLACK CHEVROLET
and SAIF Corporation,
*Respondents.*

(WCB No. 87-00760; CA A50926)

794 P2d 1248

Charles Robinowitz, Portland, argued the cause and filed the brief for petitioner.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondents. On the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Christine Chute, Assistant Attorney General, Salem.

NEWMAN, J.

Joseph, C. J., dissenting.

## NEWMAN, J.

Claimant seeks review of an order of the Workers' Compensation Board that denied his claim for his first three days of temporary total disability. We affirm.

Claimant, an auto mechanic, sustained a compensable injury to his neck on September 25, 1985. As a result of the injury, he left work during that work day and was absent from work on September 26 and 27, on October 23 and 24 and on November 18 and 27. On January 6, 1986, his treating doctor ordered him off work on account of the injury, and he was unable to return to work as an auto mechanic thereafter. After January 6, 1986, he missed at least 14 consecutive days of work as a result of the injury. He was not declared medically stationary until October 28, 1986. The referee awarded him 30 percent unscheduled permanent partial disability.

ORS 656.210(3) provides:

"No disability payment is recoverable for temporary total disability suffered during the first three calendar days after the worker leaves work as a result of the compensable injury unless the total disability continues for a period of 14 days or the worker is an inpatient in a hospital. If the worker leaves work the day of the injury, that day shall be considered the first day of the three-day period."

The referee held:

"The next issue concerns the claimant's entitlement to three days of time loss. The claimant argues that the time loss should have been paid as soon as he missed 14 days of work. ORS 656.210(3) provides that no disability payment is recoverable for temporary total disability suffered *during the first three calendar days after the worker leaves work as a result of the compensable injury unless the total disability continues for a period of 14 days.* The claimant was not off work for 14 consecutive days until January 6, 1986. The claimant's request for time loss prior to missing 14 consecutive days is denied." (Emphasis supplied.)

The Board affirmed and adopted the order of the referee.

Claimant assigns as error that the Board denied him

"payment for the first three days of his total disability [September 25, 26 and 27] where his disability continued for

more than 14 consecutive days, although this did not occur from the date of injury."

He argues that ORS 656.210(3) requires payment of temporary total disability for the first 3 days as soon as an injured worker misses a total of 14 days of work as a result of the injury. Alternatively, he argues that, even if the statute requires that a claimant must miss 14 consecutive days as a result of the injury, that 14-day period need not begin with the date of the injury. He asserts that, if the legislature had meant to require that the 14-day period run consecutively from the date of the injury, the statute would have said so.

The Board correctly interpreted ORS 656.210(3), which says that temporary total disability benefits are not recoverable for the first three calendar days after the worker leaves work as a result of the compensable injury unless the total disability "continues for a period of 14 days." We interpret the word "continues" to mean "to maintain without interruption a condition, course or action." *Websters Ninth New Collegiate Dictionary* 284 (1985 ed). As did the Board, we interpret the statute to mean that claimant must miss a continuous period of 14 days, without interruption, from the first day of being off work by reason of a compensable injury in order to receive temporary total disability for the first three days.[1]

Affirmed.

**JOSEPH, C. J.,** dissenting.

Close compensation cases involving interpretation of the statute ought to be decided in favor of injured employees. *Holden v. Willamette Industries,* 28 Or App 613, 618, 560 P2d 298 (1977). Arguably, this is a close case. The majority decides this case in the wrong direction, and I dissent.

I agree with the majority that the legislative history contains no express help in deciding the case and that it shows only that the legislature put in a three-day waiting period to save money in benefits and minimize administrative expenses "in smaller claims." That history seems to favor claimant in

---

[1] All that the legislative history shows is that the legislature intended to adopt a 3-day waiting period to save money in benefits and administrative costs in smaller claims. *See* Minutes, Senate Committee on Labor and Industries, March 8, 1965, 2.

this case, because his is not in the category of "smaller claims."

However, the case does not need to be decided on the basis of a guess about what the legislature intended, because it can be decided on the basis of what it said. *See Whipple v. Howser,* 291 Or 475, 481, 632 P2d 782 (1981). The dispute is very narrow. Claimant suffered a compensable injury, left work "the day of the injury" and "suffered" temporary total disability "during the first three days" after he left work. He returned to work after that initial period. He missed four more days of work later in the same year and was unable to continue working after January 6, 1986. There is no doubt that his "total disability continue[d] for a period of [more than] 14 days," but he did not miss 14 consecutive days beginning on September 25. The case turns on the definition *and application* of "continues."

I do not think that a dictionary definition, one of which is relied on by the majority, moves the deciding process very far, unless we agree on what needs to "continue." The majority apparently would hold that claimant's absence from work on account of his compensable injury is the thing that has to be maintained without interruption. The statute very plainly makes "the total disability" the thing. As a simple matter of indisputable fact, claimant's "total disability" eventually compelled him to be away from work for 14 days. Therefore, he is entitled to compensation for the September days when he missed work.

That result is not an unreasonable resolution of the statutory ambiguity; neither is the majority's. What the majority's result lacks is fairness and adherence to the principle that a close case involving the meaning of the statute should be resolved in favor of the claimant.[1]

Buttler, Rossman and Riggs, JJ., join in this dissent.

---

[1] In a system that tends to encourage malingering, we should avoid further encouragement. The majority's result hardly comports with the policy of encouraging workers to return to work.