## IN THE OREGON TAX COURT

Helen THOMPSON
and Stephen E. Thompson, Jr.

*v.*

## DEPARTMENT OF REVENUE

(TC 2875)

Paul J. Speck, Forcum & Speck, Bend, represented plaintiffs.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for plaintiffs rendered August 23, 1991.

### CARL N. BYERS, Judge.

Plaintiffs appeal the assessed value of land as of January 1, 1988. This matter has been submitted to the court on stipulated facts and written briefs.

Plaintiffs originally owned 322 acres lying within the Bend Area General Plan and Urban Growth Boundary. In consideration of plaintiffs' agreement to maintain the subject 177 acres as a wildlife sanctuary, the local government allowed development of the remaining 145 acres. The subject 177 acres is comprised of four separate parcels. Although all four parcels are designated ''open space,'' one of the parcels (Tax Lot 1900) is also designated forestland.

As of the assessment date in question, each parcel had a cabin or a residential building located on it. Each cabin was used as a residence by plaintiffs and other caretakers of the wildlife sanctuary. Plaintiffs requested special open space assessment under ORS 308.740 through 308.790. The assessor granted special open space assessment for the property except those portions of each parcel used as a homesite. Defendant, in its Opinion and Order No. 88-2868, supported the assessor's position.

Plaintiffs contend the assessed value of the homesites should be the same as other open space land.[1]

The statute governing this case is ORS 308.765, which provides:

"In determining the true cash value of open space land which has been classified as such under ORS 308.740 to 308.790, each year the assessor shall, notwithstanding the provisions of ORS 308.205:

"(1)   Assume the highest and best use of the land to be the current open space use, such as park, sanctuary or golf course, and the assessor shall not consider alternative uses to which the land might be put.

"(2)   Value the improvements on the land, if any, as required by ORS 308.205."

In construing and applying statutes, the starting point in every case is the language of the statute itself. *Whipple v. Howser*, 291 Or 475, 632 P2d 782 (1981). Following the structure of the statute, it directs the assessor, in determining the true cash value of open space land, to ignore ORS 308.205. Since that statute defines true cash value, the direction is to ignore true cash value.

Next, the statute directs the assessor to assume that the highest and best use of the land is the current *open space* use. The statute thereby implicitly acknowledges there may be a higher and better use for the land. In some ways, the statute is ambiguous. The "alternative uses," which the

---

[1] In their brief, plaintiffs claim that Tax Lot 1900, located on forestland, must be valued the same as forestlands as required by ORS 308.229. Plaintiffs overlook the fact that ORS 308.229 was enacted by the 1989 legislature and did not become effective until October 1, 1989, after the assessment date in issue. Or Laws 1989, ch 887, § 10.

assessor is directed to ignore, are not limited to alternative open space uses. Also, the phrase "might be put" could apply to a present as well as a prospective nonopen space use.

The final portion of the statute directs that any improvements on the land be valued at true cash value. The presence of improvements is consistent with open space use as well as non-open space use. Consequently, this provision gives no guidance as to legislative intent. However, there can be no doubt that use of land as a homesite for a personal residence is not an "open space" use.

The court finds the statute directs the assessor to assess the land only at the "current open space use." The "current open space use" as of January 1, 1988, was as a wildlife sanctuary. Apparently, the comprehensive plan allowed the use of the residential sites to continue on the land. Those sites must be viewed as land which is designated as open space land but have alternative uses. The statute directs the assessor to ignore such alternative uses.

The court finds defendant's Opinion and Order No. 88-2868 must be set aside. Judgment shall be entered directing the assessor to assess the subject property in accordance with this opinion. Costs to neither party.