IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| RIVER VALE LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180241R |
| | ) | |
| v. | ) | |
| | ) | |
| DESCHUTES COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION FOR SUMMARY** |
| Defendant-Intervenor. | ) | **JUDGMENT** |

This matter came before the court on cross-motions for summary judgment ("Motion")

filed on January 15 and 16, 2019.[1]  Both Plaintiff and Defendant filed responses to summary

judgment on February 20, 2019.  Oral argument was heard on April 2, 2019, in the courtroom of

the Oregon Tax Court.

## I.  STATEMENT OF FACTS

The facts set forth here are based on a stipulation of the parties.  Plaintiff River Vale

Limited Partnership is an Oregon Limited Partnership with its primary place of business in

Deschutes County, Oregon.  (Stip Facts at 2, ¶ 1.)   In January of 2017, Plaintiff purchased 36.06

acres of land located in Deschutes County, currently identified by the county assessor

("Assessor") as tax account number 117566 (the Property), for $4,500,000.  (Stip Facts at 2,

---

[1] Although both Defendant Deschutes County and Intervenor Department of Revenue filed separate Motions for Summary Judgment, they will be referred to collectively as "Defendant."

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT  TC-MD 180241R                    1

¶¶ 3, 6, 7.) At the time of Plaintiff's purchase, the Property was enrolled in the special assessment of Open Space Land tax deferral program (the Program)—having been enrolled in the Program by a prior owner in 1984—and remained specially assessed until it was disqualified in February 27, 2018. (Stip Facts at 2, ¶ 5.) The taxable specially assessed value ("TSAV") of the subject property for the 2016-17 tax year, determined pursuant to ORS 308A.315(5), was $36,060. (Stip Facts at 5, ¶ 29.) The real market value (RMV) of the subject property for the 2017-18 tax year, determined pursuant to ORS 308.205, was $1,803,000. (Stip Facts at 5, ¶ 30.) Upon notice that the land was under development to build homes, and pursuant to ORS 308A.318, the Assessor disqualified the Property from the special assessment and determined that the amount of additional taxes and interest owed by Plaintiff was $495,887. (Stip Facts at 4, ¶¶ 18-19.) Plaintiff argues that no additional taxes or interest are due based on its interpretation of the limitation calculation found in ORS 308A.318(2).

## II. ANALYSIS

When real property is removed from a special assessment, be that farm special assessment, timber special assessment, or a myriad of other programs, additional taxes can be imposed. In this case, Defendant disqualified the Property from an Open Space special assessment. At issue in this case is the amount, if any, of additional taxes that became due as a result of the disqualification. The case turns on the statutory interpretation of ORS 308A.318[2] that sets a limit on taxes and interest owed upon withdrawal of property from the Program.

The Program was created to relieve property owners from being forced to sell or develop land in order to meet increasing tax burdens, which were once contingent upon shifting market prices. The legislature afforded that tax deferral on the condition that the land remain open, *i.e.*,

---

[2] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2017.

undeveloped, or be disqualified. Minutes, House State and Federal Affairs Sub Committee Meeting, May 26, 1971, at 2. Upon disqualification, the additional taxes that would have been due if the land were not specially assessed, plus interest, are to be collected. ORS 308A.312(3); ORS 308A.318(2). However, that "potential additional tax liability" is limited by ORS 308A.318(2). That statute states in pertinent part:

> "* * * [A]dditional real property taxes shall be collected * * * , limited to a total amount not in excess of the dollar difference in the value of the land as open space land for the last year of classification and the real market value under ORS 308.205 for the year of withdrawal."

The issues to be decided are (1) whether the "value of open space land" means the RMV pursuant to ORS 308.205, or the taxable specially assessed value, and (2) whether the "dollar difference" means "the RMV in the year of withdrawal *minus* the RMV as open space in the final year of classification." (Ptf's Mot Summ J at 7) (emphasis added).) Plaintiff asserts that because the RMV of the subject property at the time of disqualification was greater than or equal to the value of the land as open space in the final year of special assessment, a negative or zero tax liability results and no additional taxes can be collected.

A.      *The Real Market Value Pursuant to ORS 308.205 Compared to the Value of Open Space Land Pursuant to ORS 308A.315(5)*

ORS 308.205 defines RMV as the amount in cash "that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year." Although the recent sale price of property is not necessarily determinative of the RMV, a sale between knowledgeable parties a short time before the assessment is strongly indicative of the RMV.[3]

---

[3] *See Kem v. Dept. of Rev.*, 267 Or 111 (1973) (holding that a recent sale price of property is not dispositive of RMV but is strong evidence of RMV).

Conversely, the value of open space land approaches the real market value but is modified by the assumption that the land's highest value derives from the open space use of the land as opposed to the economic potential of development reflected by the RMV. ORS 308A.315(5). Plaintiff's motion argues only a portion of ORS 308A.315(5); however, looking at the statute as a whole clarifies any ambiguity.

> "The open space value of land classified as such under ORS 308A.300 to 308A.330 shall be the land's real market value under ORS 308.205:
>   (a) *Assuming the highest and best use* of the land to be the current open space use, such as park, sanctuary or golf course. The assessor *shall not consider alternative uses* to which the land might be put.
>   (b) Valuing the improvements on the land, if any, as required by ORS 308.205."

(Emphasis added.) Pursuant to subsection (a) of ORS 308A.315(5), assessors are to assign a modified RMV reflective of the land's current use while ignoring alternative uses that would otherwise assign an incompatible market value. *Thompson v. Dept. of Rev.*, 12 OTR 326 (1991) (holding that the assessor must ignore other potential or present uses of the land and assess the land based on current open space use).[4] Only improvements to open space land are assessed using the unmodified RMV defined by ORS 308.205. ORS 308A.315(5)(b). The principle of using a modified RMV to value open space land is supported by the legislative intent found in ORS 308A.303, which provides in pertinent part:

> "* * * [T]hat it is in the public interest to prevent the forced conversion of open space lands to more intensive uses as the result of economic pressures caused by the assessment of those lands for purposes of property taxation at values incompatible with their preservation as open space lands, that assessment practices must be designed to permit the continued availability of open space lands for these purposes * * *."

---

[4] "Following the structure of the statute, it directs the assessor, in determining the true cash value of open space land, to *ignore* ORS 308.205. Since that statute defines true cash value, the direction is to *ignore* true cash value." *Id.* (emphasis added).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT  TC-MD 180241R                                              4

The purpose of the Program is clear: to support the compatible use of open space land by allowing property owners to defer the increasing taxes derived from the market value of the land. It follows that the "value of the land as open space land" must be the specially assessed value, which assumes the highest value derives from the open space condition—not "simply" the real market value.

B.       *The "dollar difference" is a comparison of values, not an ordered subtraction equation.*

When interpreting a statute, Oregon courts follow the steps of statutory construction set forth in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009), *modifying*[5] *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993):

> "The first step [when interpreting a statute is] an examination of text and context. * * * [T]he court will consult [legislative history] after examining text and context, even if the court does not perceive an ambiguity in the statute's text, where that legislative history appears useful to the court's analysis. However, the extent of the court's consideration of that history, and the evaluative weight that the court gives it, is for the court to determine. * * * If the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty."

*Id*. at 171-72.

If it were the intent of the legislature that, for purposes of computing a limitation, the value of the land as open space be subtracted from the real market value, the statute's language would be written accordingly.[6]  Instead, the "dollar difference" language found in ORS 308A.318(2) more appropriately conveys a commutative property that makes the order of

---

[5] *Gaines* modified *PGE* by allowing courts to consider legislative history irrespective of any perceived ambiguity in the statute.  *Compare PGE*, 317 Or at 611-12 ("If, *but only if*, the intent of the legislature is not clear from the text and context inquiry, the court will then move to the second level, which is to consider legislative history to inform the court's inquiry into legislative intent.") (Emphasis added.), *with Gaines*, 346 Or at 171-72 ("contrary to this court's pronouncement in *PGE*, we no longer will require an ambiguity in the text of a statute as a necessary predicate to the second step—consideration of pertinent legislative history that a party may proffer.")

[6] *See e.g.* ORS 311.105(c) (instructing assessors to compute a distinct value by using the explicit term, "minus").

operands irrelevant in computing the difference between the specially assessed value and the RMV. Accordingly, the "dollar difference" limitation of ORS 308A.312 effectively means a "comparison" of the two values,—an absolute number—not a rigid subtraction of the specially assessed value by the RMV.[7]

Plaintiff's argument that the value of the land as open space is simply the real market value, as opposed to the specially assessed value, is an incomplete reading of ORS 308A.315(5) and ignores the underlying purpose of the open space special assessment program.[8] As explained above, the value of open space land—the specially assessed value—supplants the RMV by assuming that the land's highest market value is found in the open space use. Plaintiff's argument contravenes the legislative intent for special assessment by asserting that the specially assessed open space land should be valued using full market value, which is based on economic potential, not current use. Indeed, the function of the special assessment program is to assess open space land at a lower value than the real market value "to permit the continued availability of open space lands." *See* ORS 308A.303. The court rejects Plaintiff's argument that the value of the open space land is simply the RMV pursuant to ORS 308.205 and holds that "the value of the land as open space" is the taxable specially assessed value. The "dollar difference" is the comparison between the higher and the lower values named in the statute, namely, the last TSAV on the assessor's tax roll and the RMV for the year of withdrawal from the special assessment program.

/ / /

---

[7] *See* Minutes, House State and Federal Affairs Sub Committee Meeting, May 26, 1971, at 2 (clarifying that a taxpayer who removed the property from the special assessment would pay the "*differential* all the way back [to the tax year in which the special assessment was granted.]") (Emphasis added.)

[8] Plaintiff furthers that point by distinguishing the specially assessed value from the maximum assessed value; however, the court does not deem that distinction relevant to the issue at hand.

### III. CONCLUSION

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to prevail as a matter of law.  TCR 47.  Pursuant to the limitation calculation of ORS 308A.318(2), the dollar difference in the value of the land as open space land for the last year of classification [$36,060] and the real market value under ORS 308.205 for the year of withdrawal [$1,803,000] is $1,766,940.  The $495,887 of additional tax liability to which both parties have stipulated does not exceed the computed limitation (dollar difference) of $1,766,940.  Plaintiff has no claim to relief that can be granted by the court; therefore, Defendant's Motion for Summary Judgment should be granted, and Plaintiff's Motion for Summary Judgment should be denied.  Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER ORDERED that the court will issue a Decision in this matter after the running of the time periods in Tax Court Rule-Magistrate Division TCR-MD 16.

Dated this ____ day of July 2019.

_____
RICHARD DAVIS
MAGISTRATE

*This is an order disposing of all issues pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Errors in this order may be challenged by appealing the court's decision. See TCR-MD 19.*

*This document was signed by Magistrate Richard Davis and entered on July 10, 2019.*